SAGE v. RIGGS.

## Marie J. Sage v. Alida Riggs and others.

*Attorney fee in mortgage.*—A mortgage empowered the mortgagee in the usual manner to sell, "rendering the surplus moneys, if any there be, to the said [mortgagor], after deducting the costs and charges of such vendue and sale aforesaid, and also $100 as an attorney fee, should any proceedings be taken to foreclose this indenture." It was held, that this fee was limited to the case of a foreclosure under the power of sale; and could not be recovered on foreclosure in equity.

*Heard April 21st. Decided April 26th.*

Appeal in chancery from Wayne Circuit.

The bill was to foreclose a mortgage executed by two of the defendants to complainant, to secure the payment of a bond for $2500. The mortgage empowered the mortgagee, in the usual manner, on default being made in the condition of the mortgage, to sell and convey the mortgaged premises, and from the proceeds thereof to retain the amount due her, "rendering the surplus moneys, if any there be, to the said parties of the first part, their heirs, executors or administrators, after deducting the costs and charges of such vendue and sale aforesaid, *and also one hundred dollars as an attorney fee, should any proceedings be taken to foreclose this indenture.*"

On a reference to a circuit court commissioner to report the amount due on the bond and mortgage, the complainant claimed that the attorney's fee of $100 should be included in the sum due; and the commissioner reported accordingly. The Circuit Court, however, disallowed this item, and granted decree for complainant, for the debt only. Complainant appealed.

*H. M. Cheever*, for complainant.

*Walker & Kent*, for defendants.

MANNING J.:

The 'error complained of in this decree is the nonallowance of $100 attorney's fee for foreclosing the mortgage, provided for in the power of sale. It is insisted

12 MICH.—U.

complainant is entitled to the $100, whether the foreclosure is in chancery, or at law by advertisement and sale under the power. It is not in a separate clause of the mortgage, standing by itself and providing a fee for foreclosing the mortgage generally, but in the power of sale of which it is a part. The language of the power is, "rendering the surplus moneys, if any there be, to the parties of the first part, their heirs, executors or administrators, after deducting the costs and charges of such vendue and sale aforesaid, and also one hundred dollars as an attorney fee, should any proceedings be taken to foreclose this indenture." The meaning of the words, "should any proceedings be taken to foreclose this indenture," relied on by appellant, is easier asked than answered — nor is it necessary to decide. For they must be understood and construed with reference to the subject matter of the power; that is, a foreclosure by advertisement and sale of the mortgaged premises, and not a foreclosure in equity, of which no mention is made in the power or in any part of the mortgage. I lay no stress on the word *attorney*, as it is not necessary to employ one to execute the power. The decree must be affirmed, with costs.

The other Justices concurred.