## Benjamin C. Hardwick v. Henry D. Bassett and others.

*Mortgages: Foreclosure: Attorney's fee: Power of sale.* The allowance in a foreclosure decree in chancery, of $75 as an attorney's fee on account of a provision in the power of sale for "a reasonable number of dollars" as an attorney's fee in case of foreclosure, is erroneous; the clause in question providing for an attorney's fee has reference to a foreclosure under the power of sale, and not in chancery.—*Sage v. Riggs, 12 Mich., 313.*

*Practice: Res adjudicata.* The defendant is not precluded from insisting on this objection by reason of the case having been in the supreme court once before on appeal when the record showed the same error, which was not noticed in the decision, where the former appeal was not heard on the merits, but the decree was reversed on the ground that the complainant had taken his decree before the case was ready for a hearing on the merits—See *25 Mich., 149.*

*Mortgages: Foreclosure: Subsequent incumbrancer: Attorney's fees.* A defendant, interested only as a subsequent incumbrancer, who has alone appealed, has a right to have the decree altered by striking out the amount of an attorney's fee improperly allowed, although it will operate incidentally to the benefit of the other defendants who have not appealed, and notwithstanding the value of the property exceeds the amount of the liens upon it.

*Submitted on briefs January 13.  Decided January 27.*

Appeal in Chancery from Alpena Circuit.

*Green & Scofield,* for complainant.

*D. C. Holbrook,* for defendant Hathaway.

COOLEY, J.

This is a foreclosure case in which a bill has been taken

29 MICH.—3.

as confessed against all the defendants, and decree entered for the amount due on the mortgage, including seventy-five dollars for an attorney's fee, the power of sale having provided that in case of foreclosure "a reasonable number of dollars" might be deducted from the proceeds of sale for an attorney's, solicitor's or counselor's fee. The allowance of this sum was erroneous, as the clause which permitted it could only have reference to a foreclosure under the power of sale.—*Sage v. Riggs, 12 Mich., 313.*

After the decree, Hathaway, one of the defendants, who had been brought in by publication, appeared and answered, and decree was entered a second time confirming the former decree. This we reversed on appeal, on the ground that complainant, after the cause had been put at issue by the answer, had not gone on to prove his case. Since the cause was remanded he has made the proper proofs, and again had the decree confirmed, and Hathaway has appealed again.

On this second appeal no errors are indicated which we think should vary the decree, except the erroneous allowance already mentioned. The seventy-five dollars should be deducted from the sum for which sale may be made. The complainant objects to this deduction on two grounds:

*First.* That the error, if it was one, appeared by the record on the former appeal, and the decision of the case, without noticing it, was in effect a decision that the allowance was not erroneous. That might be so if the case had been before us for decision on the merits, but it was not. We held then that complainant had taken his decree before the case was ready for a hearing on the merits, and we reversed the decree on that ground.

*Second.* That no one but Hathaway having appealed, the decree cannot be altered for the benefit of the others, and Hathaway is shown to have no interest in this allowance, inasmuch as he is only a subsequent incumbrancer, and the value of the property largely exceeds the liens. But we cannot hold as matter of law that an incum-

brancer in any case has no interest in the amount of the liens to which his is subject; and while we do not alter the decree for the purpose of benefiting other defendants who have not appealed, they may nevertheless receive the benefit which incidentally comes from the relief granted, to Hathaway. It will sometimes happen that the successful appeal of one defendant necessarily benefits others, and in other cases while the decree on appeal might be so drawn as to avoid this result, yet that this could only be done by introducing confusion and making anomalous proceedings necessary. In such a case it is not desirable to make the attempt.

The decree will be modified in accordance with these views, and Hathaway will be entitled to costs on the appeal.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.