GEORGE VAN MARTER v. ALEXANDER McMILLAN.

*Attorney fee in mortgage.*

An attorney fee provided for in a mortgage will not be allowed in a
decree of foreclosure in chancery.

Appeal from St. Clair. Submitted June 14. Decided
October 15.

FORECLOSURE. Defendant appeals.

*Mitchell & Avery* for complainant.

*Frank Whipple* for defendant.

GRAVES, J.   March 9th, 1874, Van Marter filed this
bill to foreclose a mortgage executed to him by McMillan
June 24th, 1869.   The mortgage was made to secure
several promissory notes of even date given by defend-
ant to complainant and the bill claimed that the amount
called for by seven of these notes was still unpaid and
that the sum represented by three was due.  .They were
respectively for twenty-five dollars and interest at ten
per cent and one was payable November 13th, 1871,
and one in each year thereafter until the whole seven
should be due.   The others secured by the mortgage
were earlier and seem to have been transferred to one
Jenks and paid by McMillan.   No one questions that
they have been regularly satisfied.

McMillan answered and admitted giving the mort-
gage and seven notes as stated in the bill.   He however
denied the accuracy of the statement of the amount due
and alleged that an error in computation had occurred,
and next denied that any sum was due complainant on
the notes and averred that pursuant to an agreement
and understanding between the parties, defendant had
fully paid the notes to complainant " at sundry times in

goods, moneys, chattels, work and labor to the amount of two hundred dollars and upwards."

A sworn answer being waived there was no oath. May 9th, 1874, the usual general replication was filed and the parties proceeded to produce evidence. September 12th, 1874, the taking of testimony was commenced and VanMarter then testified. The production of evidence was concluded April 13, 1876, at which time he testified again. June 14, 1877, the court on full hearing decreed in favor of complainant and rejected the defense.

The decree declared that there was then due $288.91 and that November 13, 1877, there would be due the further sum of $25 and interest thereon at ten per cent from November 13, 1876, amounting to $27.50.

The objection that the ownership of the demand or whatever of it had matured when the bill was filed, was in complainant's mother, cannot be sustained. It rests entirely upon complainant's statements on the stand, and all of his statements on the subject must be considered together. Some were made when he was first sworn and others nearly two years later and just at the close of the examination of witnesses, and on the last occasion he stated that since his previous deposition the arrangement with his mother had terminated. His exposition of her relation to the claim is not lucid. But upon the whole it causes the impression that she was never legal or equitable owner of any of the securities.

In regard to the defense set up by answer not many words are needed. There is no claim of set-off. The position is that the demand has been cancelled by payment under a somewhat singular arrangement. The giving of the securities is admitted and the complainant holds and produces them. They have not been actually taken up and *prima facie* remain in force as valid demands in complainant's ownership. They presumptively make out the cause of action and this consequence is not liable to be overcome by slight or not very prob-

able reasons. It is for the defendant to make out his defense and prove that he paid the mortgage and notes as he asserts in his answer. He is required to show distinctly the special agreement and 'the transactions under it constituting the alleged payment and satisfaction. No agreement in writing is produced, and it is conceded that none was made. If there was any understanding, it must have been verbal, and whether there was or not depends pretty much entirely on the testimony of the parties. It seems that the mortgage in suit was given in place of one which contained a mistake, and the account given by defendant as a witness of this agreement, and the shape of it, is this: "He said seeing I had been so honorable with him, on the night of the 24th of June, 1869, in presence of his wife, that *he would take his payments in tin ware or anything, if it was only ten cents at a time,* and I agreed I would do so; and when he called on me I did so, and whatever I paid him was to be endorsed on the 13th day of November in each and every year;" and further on he says the complainant also told him "if I would keep it in an account he would do the same and allow as much interest on the account as the mortgage called for."

The complainant fully and explicitly denies that he ever made the arrangement described or any other of the kind, and swears positively that he never entered into any arrangement with defendant or had any understanding with him that the mortgage might be paid in any way except according to its own terms, and the surrounding incidents and presumptions weigh quite as strongly in favor of complainant as of defendant. Mrs. Van Marter in whose presence the defendant says the agreement was made died several years since, and consequently there is no one except the parties able to speak on personal knowledge as to the fact of making the alleged agreement.

It appears that the parties in one way and another carried on between them a very miscellaneous traffic in

small matters amounting in the aggregate to quite a sum, and that these dealings included little bailments and special bargains. It also appears that defendant made memoranda which contained, as he claimed, a correct account of items received by complainant pursuant to the agreement. Here again the evidence is opposed irreconcilably. Some items are distinctly shown to be not chargeable to complainant and others are disputed, and complainant swears that whatever charges are correctly set down as items against him are largely overborne by similar matters of account he has against defendant, and that the latter has virtually admitted it.

This branch of the controversy like the other, is left to be determined almost wholly upon the personal testimony of the parties, and the disagreement is complete. The failure of the defense is evident, and if it were less palpable it would be right to hesitate before assuming to interfere with the conclusion of the court below against a defense to plain written securities resting on such grounds and attempted to be maintained by evidence of the nature of that in the record.

A point is made by defendant that in decreeing that there was due at the date of the decree, June 14, 1877, the sum of $288.91, the court allowed too much, and he insists that the amount was unlawfully enhanced by making computation according to the act of 1869 (Sess. L., 1869, p. 12). The complainant contends that the computation was not under that act and that if it had been the amount must have been very much larger. He tacitly admits that the sum allowed is considerably beyond the principal with simple interest computed from November 13th, 1870, and he explains and defends the allowance by saying that although the notes due November 13, 1869 and November 13, 1870, were sold and paid to Jenks, still no interest on the principal was paid to him.

There is reason for saying that the decree is wrong in this particular, and moreover, that both parties are

in error likewise.    Complainant has never made claim
that interest should be calculated under the act of 1869,
and therefore his position does not help to authorize an
inference that the computation was so made.    On the
other hand the decree contains internal evidence that
the court did not intend to allow interest pursuant to
that law.

The sum is conspicuously less than it would have
been if fixed according to that act, and considering the
simplicity of the operation the discrepancy cannot be
charged to mistake.

Then again the case is clear that the amount paid
to Jenks did cover the interest on the principal up to
November 13, 1870.    Defendant swears positively that
he paid that interest to Jenks, and complainant does
not controvert it.    He merely says he does not know
whether he did or not.    It was due to Jenks.    The
notes transferred to him called for it and they were
given up to defendant as satisfied in full.    There is no
other evidence as to whether it was paid or not, and
certainly there is no ground for saying it was not paid.
Was it included in the computation?    Here again the
ground for inference is wanting and the internal evidence
is strong.    All the proof showed that the back interest
was paid and rightly paid to Jenks, so that complain-
ant's interest would have to be computed from November
13, 1870, and consequently the true state of the case is
inconsistent with the supposition that the interest which
accrued prior to that date was meant to be included.
In the next place the amount of that early interest and
the actual deviation in the decree do not correspond.
The decree would not be set right in amount by striking
out a sum equal to that interest.    How then shall the
real discrepancy be accounted for?    By making an
accurate computation of simple interest on the whole
principal sum from November 13, 1870 to November 13,
1876, and from the latter time on $150, the amount then
payable, for the fraction of the year at the time of the

decree, June 14, 1877, (the interest for the last year on the last twenty-five dollar payment being excluded on account of not falling due until the 13th of November after the decree), the amount of principal and interest due is found to be exactly $25 less than the amount inserted in the decree. The latter is therefore too large by precisely $25. How may this be explained? The record, it is believed, affords a perfect answer. On turning to the mortgage it is found that it contains a clause allowing $25 as attorney fee in case of foreclosure, and beyond all question this item in some way has crept into the allowance and has caused the perplexity experienced. Of course it is improper and must be stricken out. *Sage v. Riggs*, 12 Mich., 313.

The decree being corrected in this respect ought to be affirmed. The complainant is entitled to costs.

The other Justices concurred.