LUKE R. DAMON v. REBECCA DEEVES.

· 62   465¹
66   348
62   465
105   221

*Power of sale—Recital in of amount of mortgage at 165 dollars—When mortgage was conditioned for payment of 265 dollars—Is a clerical error, patent on face of paper—Which mortgagee could disregard, and foreclose for amount actually due — Attorney fee provided for in power of sale* [1]*—Applies solely to statutory foreclosure—Is not available then unless an actual sale is made—Exaction of as condition to redemption—Inconsistent with public policy—Louder v. Burch, 47 Mich. 109, decided upon peculiar facts in that case—In absence of fraud or oppressive action by mortgagee, failure to pay surplus to officer will not render sale ineffectual to pass title, if no steps are taken to redeem—Presumption obtains that · surplus was paid to officer.*

1. A mortgage was conditioned for the payment of *two* hundred and sixty-five dollars, which was the consideration named therein, but the power of sale provided that "in case of non-payment of *said* sum of *one* hundred and sixty-five dollars, or any part thereof, at the time, in the manner, and at the place above limited and specified for the payment thereof," the mortgaged premises might be sold to satisfy the debt.

   *Held,* that the *amount* named in the recital to the power of sale was a *clerical* error, not likely to mislead, and obvious on the face of the paper, which the mortgagee could well disregard, and foreclose for the amount *actually* due.

2. The provision for an attorney fee on foreclosure of a mortgage, contained in the power of sale, if operative, can only be enforced by a statutory foreclosure.

   So held in *Sage v. Riggs,* 12 Mich. 313; *Hardwick v. Bassett,* 29 Id. 17; *Van Marter v. McMillan,* 39 Id. 304; and not *then* unless an *actual* sale is made: *Myer v. Hart,* 40 Id. 517.

---

[1] Act 133, Laws of 1885, provides for an attorney fee graded according to amount of the mortgage, to be recovered in case of statutory foreclosure, as follows:

(*a*) Where amount due for principal and interest is $500 or less, fifteen dollars;

(*b*) Over $500, and not exceeding $1,000, twenty-five dollars;

(*c*) Over $1,000, thirty-five dollars.

If payment is made *after* commencement of foreclosure proceedings, and *before* sale, *one-half* of such attorney fee shall be collected.

Where mortgage provides for an attorney fee, the attorney fee provided by this act must not exceed the one so provided.

This statute only applies where an *attorney at law* is employed to foreclose the mortgage.

2 The exaction of an attorney fee provided for in the power of sale, as a condition for redemption from a statutory foreclosure, is inconsistent with public policy, as are stipulations for fees in advance other than those allowed by statute. *Vosburgh v. Lay*, 45 Mich. 455.

4. The case of *Louder v. Burch*, 47 Mich. 109, was decided upon the *peculiar* facts in the record, from which it was apparent that the action of the mortgagee was not only *oppressive* but *fraudulent*. In the absence of *fraud* or *oppressive* action, the mere failure to pay over to the officer who made the sale the *surplus* would not render such sale ineffectual to pass the title, if no steps were taken to redeem.

5. The presumption is that the surplus on a foreclosure of a mortgage by advertisement was paid over to the officer making the sale.

Error to Monroe. (Joslin, J.) Argued July 8, 1886. Decided July 15, 1886.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Westerman & Westerman*, for appellant:

There is no evidence in the case that more than the amount allowed by law was collected and retained by the mortgagee; and if such is the fact, the time for redemption has passed, and relief can only be had in a court of equity: *Sanford v. Flint*, 24 Mich. 26; *Grover v. Fox*, 36 Id. 461; *Millard v. Truax*, 47 Id. 251.

The burden of proof is not on the mortgagee to show that he paid over any surplus remaining on the sale; the law presumes that the officer did his duty in paying over the surplus, if any, until the contrary appears, but that question cannot be raised in this case: *Hoffman v. Harrington*, 33 Mich. 392; *Millard v. Truax*, 47 Id. 251.

*C. A. Stacy*, for defendant:

The power of sale must be strictly construed (*Niles v. Ransford*, 1 Mich. 338, 341), and, being a special power, must be strictly pursued (*Denning v. Smith*, 3 Johns. Ch. 344).

The sale having been made for one hundred dollars of principal more than was covered by the power of sale, and the mortgagee being the purchaser, and not having paid to the officer the amount of the bid, less what was legally demandable, the sale became incomplete, and plaintiff cannot claim title under it: *Bullock v. Taylor*, 39 Mich. 137; *Van*

*Marter v. McMillan,* Id. 304; *Myer v. Hart,* 40 Id. 517; *Vosburgh v. Lay,* 45 Id. 455 ; *Parks v. Allen,* 42 Id. 482; *Millard v. Truax,* 47 Id. 251.

The burden of proof was on the plaintiff to show everything necessary to make a legal sale, as since the statute of 1843 a mortgagee could not maintain ejectment until there had been a legal foreclosure and the time for redemption had expired: *Mundy v. Monroe,* 1 Mich. 68; *Caruthers v. Humphrey,* 12 Id. 270; *Crippen v. Morrison,* 13 Id. 23 ; How. Stat. §§ 7790, 7847.

The proof must show that the notice of sale is in compliance with the statute: *State Bank v. Chapelle,* 40 Mich. 447.

Foreclosure by advertisement is the act of the party, not a judicial act: *Hebert v. Bulte,* 42 Mich. 489.

And the proceedings must comply substantially with all the statutory conditions and requirements: *Lee v. Mason,* 10 Mich. 404–5 ; *Doyle v. Howard,* 16 Id. 264.

Good faith, and a due regard for the interests of all who may be affected by the proceedings, must be observed, but good faith will not cure errors in substance : *Grover v. Fox,* 36 Mich. 461 ; *Lee v. Clary,* 38 Id. 228.

CHAMPLIN, J. Plaintiff brought ejectment to recover certain land which he claimed in fee.

His title was derived through a foreclosure sale of a mortgage executed by the defendant to the plaintiff, conditioned as follows :

" That if the said party of the first part pay to said party of the second part the sum of *two* hundred and sixty-five dollars, according to a certain note, with interest at ten per cent., on or before one year from the date of this instrument, bearing even date herewith, executed by said Rebecca Deeves to the said party of the second part, then these presents, and said note and mortgage, shall cease, and be null and void."

The mortgage contained the following power of sale :

" But in case of non-payment of said sum of *one* hundred and sixty-five dollars, or any part thereof, at the time, in the manner, and at the place above limited and specified for the payment thereof, then, in such case, it shall be lawful for the party of the second part, his heirs, executors, administrators, or assigns, and the said party of the first part does hereby empower and authorize the said party of the second

part, his heirs, executors, administrators, or assigns, to grant, bargain, sell, release, and execute to the purchaser or purchasers, their heirs and assigns, good and sufficient deed or deeds of conveyance in law, pursuant to the statute in such case made and provided, rendering the surplus money (if any there should be) to the said party of the first part, her heirs, executors, administrators, or assigns, after deducting the costs and charges of such vendue and sale aforesaid, and also thirty-five dollars as an attorney fee, should any proceedings be taken to foreclose this indenture."

The foreclosure was by advertisement.

The notice of sale was dated December 4, 1876, and claimed that there was due and unpaid at that date $300.77, and $30 attorney's fee, as provided in said mortgage. The proceedings in the foreclosure suit appear to have been regular.

At the sale, which was made by the sheriff, the premises were struck off to the mortgagee for $361.62, and the sheriff executed the usual deed, and deposited it with the register of deeds, properly indorsed. The premises were not redeemed.

The plaintiff introduced the mortgage, the proceedings on foreclosure, including the sheriff's deed, and rested; whereupon the circuit judge took the case from the jury for reasons stated in his charge, as follows:

"I have reached a conclusion in this matter, and I think we may as well stop right where we are. I shall charge the jury that under this mortgage, until it is reformed in the power of sale, no more than $165 could be collected on that mortgage, that being the sum provided in the mortgage for which the property might be sold under the power of sale contained in the mortgage.

"It is quite evident that the $165 there is a mistake, because the note that accompanies it shows it to be $265; and when they come to the power of sale, which is the only authority for making the sale under a law of foreclosure, it is $165, then it must follow the language of the mortgage until a court of chancery has reformed the mortgage. The result of this is that on the day of the sale the amount of the principal is $165 and the interest $33, making $198; and the costs of the sale I have estimated at $22, which is probably, with the short notice, a little less than $19, and the sheriff's fees $3; which would make $220; which was all that could

be legally due,—all that it could be legally sold for under that power of sale,—$220.

"The amount bid was $361.62. That left a surplus of $141.62, and until that surplus was paid over to the mortgagor there was no perfect foreclosure,—no title of the property in the mortgagee.

"I shall charge that the mortgagee cannot, by overbidding on the property the amount that is due to him, make himself the creditor of the mortgagor; that he must, to perfect his title, complete a foreclosure under this 47 Mich. decision, and under general principles; and I think, under common fairness and common honesty, he must pay over this money before he can set up any title; because otherwise, if the mortgage on a piece of property was for $200, and the mortgagee bid in the property for $2,000, or $10,000, he could put that money in his pocket, and say: 'I have a title to your property; now sue me, and collect back this surplus, if you can.' It seems to me it would be a proposition which, on its very face, would settle the law of the subject, if there were no *dicta* or authority in this case here.

"*Fourth*. The burden of proof is on the mortgagee to prove that he has made payment of this surplus.

"*Fifth*. There is no proof of any such payment in this case, and the verdict of the jury, therefore, must be that the defendant does not wrongfully detain possession of this property. The clerk will receive the verdict for the defendant."

We think the learned judge erred. It appears plainly, upon the face of the instrument, that the amount named in the recital to the power of sale was a clerical error, and one not likely to mislead. The sum secured by the mortgage was $265, and interest at 10 per cent. The recital says:

"But in case of non-payment of said sum of one hundred and sixty-five dollars, or any part thereof, at the time, in the manner, and at the place above limited and specified for the payment thereof," etc.

No mention is made in this recital of payment of interest, and if recital is to control, no interest could be included in the amount for which a sale under the power could be had.

The error on the face of the power was obvious, and the mortgagee could well disregard it, and proceed to foreclose for the amount actually due: *Gaines v. Allen*, 58 Mo. 537.

There was no evidence in the case which showed that the mortgage had been foreclosed for an excessive amount; there was nothing that showed that the foreclosure was vexatious or oppressive.

In *Sage v. Riggs*, 12 Mich. 313, decided in 1864, a bill was filed to foreclose a mortgage, in chancery. An attorney's fee of $100 was provided for in the power of sale, and the complainant sought to have this amount included in his decree, but the circuit court disallowed this item, and the complainant appealed. This Court held that the provision for an attorney's fee, being contained in the power of sale, must be understood and construed with reference to the subject-matter of the power, and referred to a foreclosure by advertisement and sale of the mortgaged premises, and not to a foreclosure in equity. It was not decided that it would be illegal, or that the fee could not be included in case of a foreclosure by advertisement.

In *Hardwick v. Bassett*, 29 Mich. 17, a mortgage was foreclosed in equity; and under a clause contained in the power of sale provided that, in case of foreclosure, a " reasonable number of dollars might be deducted from the proceeds of the sale for an attorney's, solicitor's or counselor's fee," it was again held that the clause which permitted an attorney's fee could only have reference to a foreclosure under a power of sale. This was in 1874. This was the state of the decisions upon this subject at the time of the foreclosure of this mortgage in 1877, which included the attorney's fee of $35, and was authorized by the power of sale.

Next came the case of *Van Marter v. McMillan*, 39 Mich. 304, decided in 1878, which was also a foreclosure in equity, and included an attorney's fee of $25, which was stricken out as improper, upon the authority of *Sage v. Riggs*.

Then came the case of *Myer v. Hart*, 40 Mich. 517 (1879), in which it was held that the provision for an attorney's fee in a mortgage could not be enforced upon a statutory foreclosure unless an actual sale is made.

The case of *Vosburgh v. Lay*, 45 Mich. 455 (1881), followed, where there had been a statutory foreclosure which

included an attorney's fee of $50.   On the last day allowed for redeeming the mortgagor paid the amount of principal, interest, and costs to the register of deeds, and also the attorney's fee, under protest, and then sued the mortgagee, to whom the money had been paid by the register, to recover back the $50.   This Court held the exaction of the attorney's fee as a condition for redemption inconsistent with public policy, as well as stipulations for fees in advance other than those allowed by statute.

In *Louder v. Burch*, 47 Mich. 109, a bill was filed to redeem from a statutory foreclosure.   The mortgagor was in default for the payment of $8.16 interest.   The mortgage had been assigned to 'Burch, who commenced foreclosure without calling upon the mortgagor for payment.   The attorney's fee named in the mortgage was $50.   This, with the interest, costs, and expense of sale, amounted to $105, for which sum he bid off the premises.   The Court characterized the proceeding as exceedingly oppressive, and entitled to no favor.   Mr. Justice COOLEY said:

" When, therefore, the sale was made for $105, it was for considerably more than was due ; and defendant, who became the purchaser, could only complete the sale by paying over to the officer who made the sale the surplus of more than $50 for the use of complainant.   This payment was never made, and the sale was therefore left incomplete and ineffectual, and we have no occasion to consider any of the other questions which the parties have raised respecting it."

Other facts were stated in the opinion which made it quite apparent that Burch's actions were not only oppressive but fraudulent, and doubtless influenced the Court in what is said above.   In the absence of fraud, or of circumstances like those which attended that case, it cannot be held the mere failure to pay over to the officer who made the sale the surplus would render the sale ineffectual to pass the title, if no steps were taken to redeem.

At the same term Mr. Justice COOLEY, in another case to set aside a statutory foreclosure, where an attorney's fee of $50 was included in the sum for which the lands were sold, said :

" But though this fee was claimed, it does not follow that the sale was invalid for that reason. The mortgaged premises were in one parcel, and sold as such ; and if the purchaser had paid over to the officer all he was not entitled to retain, the fact that he claimed more in his notice could not have been fatal. Upon this record we cannot say this was not done. The bill is entirely silent on the subject, and there can be no presumption of law that because the owner of the mortgage claimed too much, he was permitted to retain it :" *Millard v. Truax*, 47 Mich. 251.

Neither did it appear in the case before the circuit court which we are now considering but that, if any surplus existed, it was paid over to the officer, and the presumption was that it was paid over. The circuit judge erred in assuming that there was a surplus upon the sale which had not been paid over. There was nothing before him which showed either that the sale was incomplete or ineffectual.

In *Millard v. Truax*, 50 Mich. 343, a bill was filed to redeem from a statutory foreclosure, which included an attorney's fee of $50. Mr. Justice COOLEY said :

" That defendant was not entitled to include the fifty dollars in the sum for which sale was made, is determined by cases which were referred to when the former suit was decided. But a mortgage sale is not necessarily invalid because more is claimed than is in fact due. The excessive claim would be a circumstance only, of more or less importance, according to its magnitude or apparent want of good faith, if attempt was made to redeem afterwards."

Again, in *Sinclair v. Learned*, 51 Mich. 339, 340, it was claimed that the fact that the sale was for more than the amount due, and that the surplus was not paid over, showed that the sale was incomplete, and that no title passed for that reason. This action was ejectment, and it was held that the sheriff must account to the mortgagor for the money, even though he failed to obtain it, and if the mortgagor redeemed without having received it, his right to have it taken into account would be unquestionable, and that the fact of non-payment had no importance in that case, unless it might bear upon the question of fraud in the sale.

These cases show that the charge of the court was errone-ous, and renders a new trial necessary.

Counsel for defendant calls attention to the record to show that no proof was made of the defendant being in possession at the time the suit was begun ; but the point was not made or disposed of upon this question in the court below, and, being raised here for the first time, ought not to influence our decision. We prefer to decide it upon the errors as-signed.

The judgment must be reversed, with costs of both courts, and a new trial ordered.

The other Justices concurred.