[No. 13269. In Bank. — January 18, 1892.]

## G. H. MADDOX, Respondent, *v.* J. B. WYMAN et AL., Appellants.

Mortgage — Foreclosure — Note Payable in Installments — Install-
ments not Due — Construction of Note and Mortgage. — Where a
note secured by mortgage provides for the payment of the principal in
installments, payable on the fifteenth day of each month, and the mort-
gage, bearing even date with the note, provides that if the mortgagor
shall fail to make any payment as in the note provided, the mortgaged
property may be sold, and the proceeds of the sale applied to pay the
whole amount in the note specified, the note and mortgage will be read
and construed together, and the mortgagee will be entitled to foreclose
for the full amount of the unpaid installments upon default in the pay-
ment of any of the installments, although by the terms of the note some
of the installments are not due.

Id. — Demand for Installment Due. — In such case it is not necessary to
make a demand for the payment of an installment due, before commen-
cing an action of foreclosure, in order to put the mortgagor in default.

Id. — Value of Property — Immaterial Issue — Findings — Insuffi-
ciency of Evidence. — In an action to foreclose a mortgage, an issue as
to the value of the property is immaterial; and the question as to whether
the finding such issue is justified by the evidence is of no consequence.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*Matt. I. Sullivan,* for Appellant.

*Whittemore & Sears,* and *Arthur Rogers,* for Respond-
ent.

*Charles F. Hanlon,* for Intervener.

Vanclief, C. — This is an action to foreclose a chattel
mortgage on the furniture of a lodging-house, to secure
the payment of a promissory note, of which the following
is a copy: —

"San Francisco, January 1, 1887.

"For value, I promise to pay to the order of Mrs. M.
H. McDonald twenty-four hundred dollars, in payments
as follows: Five hundred dollars on the fifteenth day of

February, 1887, and fifty dollars on the fifteenth day of March, 1887, and a like amount of fifty dollars on the fifteenth day of each and every month thereafter till the full amount is paid, with interest at the rate of seven per cent per annum.                         J. B. Wyman."

The mortgage bears even date with the note, and contains the following provision: "It is also agreed that if the mortgagor shall fail to make any payment as in the said promissory note provided, then the mortgagee may take possession of said property, using all necessary force so to do, and may immediately proceed to sell the same in the manner provided by law, and from the proceeds pay the whole amount in said note specified."

The note and mortgage were assigned to the plaintiff.

The defendant paid all the installments on the note up to and including that which became due on August 15, 1887, but failed to pay those which became due in September and October. This action was commenced November 11, 1887, to foreclose the mortgage for the full amount of the unpaid balance of the note, on the theory that the commencement of the action then was authorized by the provision of the mortgage above quoted, although by the terms of the note only the September and October installments were then due and unpaid.

A judgment of foreclosure was rendered for a balance of sixteen hundred dollars, principal, with interests and costs.

The defendants appeal from the judgment, and from an order denying their motion for a new trial.

1. It is contended by appellants that only two installments (one hundred dollars) were due at the time the suit was commenced, and that, according to section 728 of the Code of Civil Procedure, only so much of the mortgaged property should have been ordered sold as was necessary to pay the September and October installments. But reading and construing the note and mortgage together, I think the plaintiff was entitled to foreclose for the full amount of the unpaid installments. (*Brickell*

v. *Batchelder*, 62 Cal. 624; *Leonard* v. *Tyler*, 60 Cal. 299; *Beal* v. *Stevens*, 72 Cal. 454.)

2. It was not necessary, as contended by counsel for appellant, that in order to put defendants in default as to the payment of any installment, that a demand should have been made for such payment before the commencement of the action.

3. The issue as to the value of the mortgaged property is immaterial, and therefore it is of no consequence whether the finding upon that issue is justified by the evidence or not.

I think the judgment and order should be affirmed.

FOOTE, C., and BELCHER, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.