[S. F. No. 1538.    Department One.—December 19, 1900.]

PACIFIC INVESTMENT COMPANY, Respondent, v. ANNA ROSS, Appellant.

FORECLOSURE OF CHATTEL MORTGAGE—ANSWER—NEW MATTER—PAROL AGREEMENT—WAIVER OF FINDINGS—PRESUMPTION.—In an action to foreclose a chattel mortgage, new matter in the answer setting up a parol agreement, made when the mortgage was executed, that the plaintiff would not foreclose so long as defendant paid the interest, and that the interest was tendered and refused, is deemed controverted, and where findings were waived, it must be presumed in favor of the judgment foreclosing the mortgage that the court found against the existence of the agreement.

ID.—CROSS-COMPLAINT—REFORMATION OF NOTE AND MORTGAGE—HARMLESS RULING UPON DEMURRER.—When the defendant also filed a cross-complaint seeking a reformation of the note and mortgage, based upon the same alleged parol agreement, an order sustaining a demurrer thereto is harmless, in view of the implied finding against the existence of such agreement.

ID.—APPOINTMENT OF COMMISSIONER TO SELL—ORDER FOR POSSESSION. In the decree of foreclosure, where a commissioner was appointed by the consent of the parties, to sell the personal property covered by the chattel mortgage, it was proper for the court to order that the commissioner take immediate possession of the encumbered property, and proceed to sell so much as may be necessary to satisfy the judgment and costs.

ID.—COMMISSIONER A SUBSTITUTE FOR SHERIFF—DELIVERY TO PURCHASER. The commissioner is a substitute for the sheriff, who must have the custody of personal property capable of manual delivery, and in making a sale thereof must deliver the property to the purchaser.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Frank Shay, for Appellant.

The cross-complaint stated a cause of action to reform the written agreement to make it conform to the oral stipulation of the parties, and it was error to sustain the demurrer thereto. (*Ferguson v. Rafferty,* 128 Pa. St. 337, 350; *Von Brunt v. Day,* 81 N. Y. 251; *Isenhoot v. Chamberlain,* 59 Cal. 630; *Eva v. Mc-Mahon,* 77 Cal. 472; 2 Wharton on Evidence, sec. 927.)

J. H. Long, and F. H. Smithson, for Respondent.

The ruling upon the demurrer was not prejudicial, in view of the presumed findings upon all of the issues in favor of the plaintiff, including a finding that the agreement was not made. (*Antonelle v. New City Hall Commrs.,* 92 Cal. 228; *Long v. Saufley,* 89 Cal. 437; *Blanc v. Paymaster Min. Co.,* 95 Cal. 524[1]; *Howard v. Throckmorton,* 48 Cal. 482; *Lawrence Nat. Bank v. Kowalsky,* 105 Cal. 42.)   The refusal to consider a cross-complaint is error without injury, where the record does not contain the evidence, and the findings show that the cause of action alleged in the cross-complaint cannot be true.   (*Blakely v. Blakely,* 89 Cal. 325.)   The note and mortgage cannot be qualified by an oral understanding contrary to their terms. (Civ. Code, secs. 1625, 1639; *Nicholson v. Tarpey,* 87 Cal. 617; *Jungerman v. Bovee,* 19 Cal. 355.)

[1] 29 Am. St. Rep. 149.

VAN DYKE, J.—The action is one to foreclose a chattel mortgage. Judgment went for the plaintiff, from which the defendant appeals upon the judgment-roll. The complaint is in the usual form. The answer admits the execution of the note and mortgage, but avers that at the time of its execution it was agreed and understood that the plaintiff would not seek to foreclose so long as defendant paid the interest; that defendant had tendered the interest to plaintiff, who had refused to receive it. By way of cross-complaint the defendant set up the same matter of the parol agreement made at the time of giving the note and mortgage, as stated in the answer, and asks that said note and mortgage be reformed according to said parol agreement. The demurrer to the cross-complaint was sustained, and this is urged as one of the errors on appeal.

The new matter contained in the answer in reference to the parol agreement between the parties at the time of the execution of the note and mortgage is deemed in law controverted by the opposite party. (Code Civ. Proc., sec. 462.) An issue was therefore presented substantially the same as would have been presented by an answer to the cross-complaint, had the same been allowed to stand. At the trial findings were waived, but it will be presumed that the court found upon all the matters of fact in issue necessary to support the judgment, and therefore found against the defendant as to the alleged parol agreement. (*Blanc v. Paymaster Min. Co.*, 95 Cal. 524[2]; *Lawrence Nat. Bank v. Kowalsky*, 105 Cal. 42.)

Assuming, therefore, that the court erred in sustaining the demurrer to the cross-complaint—which, however, it is not necessary to decide—the error would be altogether harmless, and hence no ground for reversal. (*Blakely v. Blakely*, 89 Cal. 325; *Duffy v. Duffy*, 104 Cal. 602.)

In the decree of foreclosure one Kerrigan, by consent of counsel, was appointed a commissioner for the purpose of carrying out and executing said decree. And it was further ordered that said commissioner take immediate possession of the encumbered property and proceed to sell the same, or so much thereof as may be necessary to satisfy the judgment and costs. The appellant attacks this portion of the decree directing the

[2] 29 Am. St. Rep. 149.

commissioner to take possession of the property as being without authority of law. There is nothing in this contention. The commissioner is simply a substitute for the sheriff and was appointed by the consent of the appellant; and he must make the sale in like manner as the sheriff would be required to do. The property here must be taken into possession for, being capable of manual delivery, "the officer making the sale must deliver to the purchaser the property." (Code Civ. Proc., sec. 698.)

Judgment affirmed.

Garoutte, J., and Harrison, J., concurred.