[Civ. No. 316.   Second Appellate District.—September 23, 1907.]

## W. H. ELY, Respondent, v. BEN C. WILLIAMS, Jr., and FORREST FLINT, Appellants.

REPLEVIN—CHATTEL MORTGAGE—RIGHT OF POSSESSION—DEFAULT IN PAYMENT—SUIT TO FORECLOSE.—Where a chattel mortgage by its terms gives to the mortgagee the right to take possession of the mortgaged property, upon default in payment, the prior election by the mortgagee to foreclose the mortgage does not bar an action of replevin by the mortgagee to recover possession of the property. Such remedy is ancillary and auxiliary to the foreclosure, resting upon the right of possession given by the contract.

ID.—PLEA OF PRIOR ACTION PENDING.—In such case, the plea of a prior action pending to foreclose the mortgage when the replevin suit was instituted was properly overruled.

ID.—POSSESSION ESSENTIAL TO VALID SALE.—The possession of personal property is essential to a valid sale of it, whether sold as a pledge, or under decree of foreclosure. The property must be present at the sale.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

W. W. Kaye, and Thomas Scott, for Appellants.

J. W. P. Laird, and E. B. Coil, for Respondent.

TAGGART, J.—Appeal from a judgment in favor of plaintiff in an action of claim and delivery.

Plaintiff is the mortgagee and defendants are the mortgagors of the personal property which is the subject matter of the action. The court finds: The defendants gave a chattel mortgage to secure the payment to plaintiff of a certain promissory note set out in the mortgage, which was given as the purchase price for the goods mortgaged; they defaulted in the payments therein provided to be made; and plaintiff demanded possession of said personal property from them in accordance with the terms of said mortgage; they refused to deliver the property to plaintiff, and upon such refusal he brought this action and caused the sheriff of Kern county to take possession of the property. Defendants reclaimed the property and resumed possession thereof by giving the undertaking provided by law for that purpose. Prior to the filing of the complaint in this action, but on the same day, plaintiff instituted an action in said superior court wherein, in due course, he obtained judgment against defendants for the balance found due on said promissory note, foreclosing said chattel mortgage and decreeing that said property be sold to satisfy said judgment. The judgment in the case at bar is in the alternative form, in favor of the plaintiff for the recovery of the personal property described therein, or for its value, which is found to be $1,800.

The question to be determined on this appeal, as stated by appellants in their brief, is, "whether under the mortgage, a replevin suit for the possession of the mortgaged property may be prosecuted [by the mortgagee against the mortgagors] pending an action to foreclose the mortgage?" It is urged that when plaintiff elected to foreclose his lien and began his action under section 726 of the Code of Civil Procedure, the very provision of the law which authorized such a suit forbade the prosecution of any other action. That section 726 provides there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, and plaintiff exhausted his right of action by the foreclosure suit.

The mortgage contains the following clause: "It is also agreed, that if the mortgagors shall fail to make any payments as in the said promissory note provided, then the mortgagee

may take possession of said property, using all necessary force
so to do,'' etc.   This is followed by provisions for sale of
the property, as provided by law, or foreclosure of the mort-
gage by action, substantially in accordance with section 2967
of the Civil Code.

So far as the contract discloses, the right of the mortgagee
to possession upon condition broken is not affected by the
method he may elect to follow in making a sale of the mort-
gaged property to satisfy the obligation.   There is no lim-
itation as to the time when he shall exercise this right, whether
before or after notice of sale as a pledge, or before or after
action begun to foreclose.   To make a valid sale of personal
property it must be present at the sale, whether it be sold as
a pledge or under order of sale upon a decree of foreclosure.
Therefore, it is necessary that the mortgagee, or some one act-
ing on his behalf, shall obtain such possession in order that
the property may be applied to the payment of the debt secured
thereby.   The mortgagors, upon demand after default, refused
to deliver the property to the mortgagee, and, no doubt,
would refuse to deliver it to anyone acting for the mortgagee,
whether agent, sheriff, or even a receiver, conceding the case
to be a proper one for the appointment of the latter (a con-
clusion which we do not think the facts of the case warrant).
Without possession no sale could be made and if appellants'
contention be correct and the bringing of the action to fore-
close could be successfully pleaded in abatement of any ac-
tion to recover the possession of the mortgaged property, the
foreclosure proceeding would be rendered ineffective because
of the impossibility of executing the decree by a sale.   A con-
struction of the law which would bring about such a result
is to be avoided, if possible.

If this be the effect of the decision in the Idaho case cited
by appellants (*Cederholm* v. *Loofborrow*, 2 Idaho, 191, [9 Pac.
641]), we do not think it should be followed.   The opinion in
that case does not disclose the contractual relations created
by the mortgage before that court, nor the statutory provisions
relating to chattel mortgages in that territory at the time of
the decision.

The right of the mortgagee to possession of the mortgaged
property is one created by the contract.   Under our code, a
mortgage gives to the mortgagee neither the title, possession,
or right to the possession of the mortgaged property, unless

authorized by the express terms of that instrument. (Civ. Code, secs. 2920, 2927.) If there be a change of possession from the mortgagor to the mortgagee, whether accomplished voluntarily, by the use of the necessary force authorized by the terms of the mortgage, or by an action of replevin, it does not affect the interest of the mortgagee in the property. The title remains in the mortgagor (*Harper* v. *Gordon,* 128 Cal. 489, [61 Pac. 84]), and his equity of redemption is not cut off until the property is sold at public auction as a pledge, or under an order of sale in a proceeding to foreclose. (*Wilson* v. *Brannan,* 27 Cal. 258.)

On the other hand, the right of the mortgagee to elect between the remedies provided in the mortgage is not dependent upon the terms of the mortgage alone, as that right is conferred by the statute also. (Civ. Code, sec. 2967.) The right of possession exists only by virtue of the contract. If this contractual right, which the code expressly permits to be created, but which does not exist by statute, is to be of any avail or use, the provision of section 726 that "there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter," must be construed to have reference to the enforcement of those rights only which are necessary to the recovery of the debt and the foreclosure of the lien given to secure it, and not to any collateral contract in the mortgage which does not affect the interests of the parties in the mortgaged property. This construction is supported by the opinion in *Harper* v. *Gordon,* 128 Cal. 489, [61 Pac. 84], and we think correctly declares the law.

While the action of claim and delivery is here used in practically the same manner as the provisional remedy given by the code, that is, to secure the possession of the mortgaged property that it may be available for the execution of the judgment or decree in the foreclosure proceeding and its use is ancillary and auxiliary to the foreclosure, it rests upon the right of possession given by the contract. This is sufficient foundation for the right of action. (*Flinn* v. *Ferry,* 127 Cal. 652, [60 Pac. 434].) The judgment in the replevin action will in no way affect the issues tried in the foreclosure proceeding, and, if in favor of plaintiff, will only operate to aid in the proper execution of the decree rendered in that proceed-

ing.   The ruling of the trial court, upon defendants' plea of another action pending should be sustained.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.