[Civ. No. 3802. Second Appellate District, Division One.—May 5, 1922.]

## BERTHA E. WIXOM, Appellant, v. GEORGE HERRICK DAVIS, Respondent.

[1] CHATTEL MORTGAGE—MATURITY OF DEBT—RIGHT TO POSSESSION OF PROPERTY.—A mortgagee of personal property is entitled to the possession of the property after the debt secured by the mortgage has become due, since such possession is essential to make a valid sale whether the property be sold as a pledge or under order of sale upon a decree of foreclosure.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

H. E. Gleason for Appellant.

J. F. Seymour for Respondent.

CONREY, P. J.—This is an action brought by the owner of a chattel mortgage to recover damages for conversion of the mortgaged property. Judgment having been entered in favor of defendant, plaintiff appeals therefrom.

The mortgage, which was recorded in the office of the county recorder of Imperial County on the thirteenth day of February, 1920, covered an undivided one-third interest in sixteen bales of cotton of the value of $1,442. The mortgage notes matured May 1, 1920. The balance unpaid thereon at the time of the alleged conversion exceeded one-third of the value of the cotton. The court found that during the months of October and November, 1920, the defendant took and carried away said cotton, and sold and disposed of the same to his own use, pursuant to the terms of a certain agreement dated October 25, 1920, entered into between the defendant and certain other parties, one of which was one of the makers of the notes held by the plaintiff. It is found that, under this agreement, the makers of the notes held by plaintiff were to work on the defendant's ranch and raise cotton. The defendant was to furnish all moneys for the planting, cultivation, and raising of the cotton, and the title of all cotton raised on the land was to remain in the name of the defendant. After payment of all expenses, the makers of the notes were to receive three-fourths of the profits, if any there were, and the defendant one-fourth. There were no profits. The court further found "that the defendant expended in the matter of expense connected with said crop herein referred to, the sum of $2,511.74; that there was received from the sale of the cotton from the first picking, $1,405.15; that there was no deficiency, but there was a loss and no profit." From these facts the court concluded "that the defendant did not convert the said cotton to the plaintiff's damage" in any

sum whatever, and that the defendant was entitled to judgment for costs.

On the facts found, it is manifest that the sixteen bales of cotton could not have been any part of the cotton referred to in the agreement of October 25th. The cotton taken and sold by the defendant in October and November could not have been planted and raised in five weeks. The facts found concerning the agreement of October 25th, even if the plaintiff had not been a stranger thereto, were immaterial to the plaintiff's cause of action.

[1]  The plaintiff alleged, and the answer denied, that at the time of the alleged conversion, the plaintiff was entitled to possession of the mortgaged property. Upon this issue the findings are silent. Section 2927 of the Civil Code reads as follows: "A mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage; but after the execution of the mortgage the mortgagor may agree to such change of possession without a new consideration." Having in view that section of the Civil Code, the decisions usually have defined the mortgagee's right of possession as one depending solely upon said express agreement. (5 Cal. Jur., p. 115.) We think that there is a necessary exception in the case of a chattel mortgage after the debt secured thereby has become due. This was tacitly recognized by the supreme court in *Summerville* v. *Stockton Milling Co.,* 142 Cal. 529, 542 [76 Pac. 243, 247], when the court said: "A chattel mortgage does not pass title to the mortgagee or give him a right to possession of the mortgaged property before the debt becomes due, unless the mortgage so provides. (*Bank of Ukiah* v. *Moore,* 106 Cal. 673, 680 [39 Pac. 1071].)" The reason for the exception arises out of the statutory provisions defining the remedy of the mortgagee on nonpayment of the debt. "A mortgagee of personal property, when the debt to secure which the mortgage was executed becomes due, may foreclose the mortgagor's right of redemption by a sale of the property, made in the manner and upon the notice prescribed by the title on 'pledge,' or by proceedings under the Code of Civil Procedure." (Civ. Code, sec. 2967.) A pledgee's sale must be made by public auction, in the manner of a sale of personal property under execution. That mode of sale, where the

personal property is capable of manual delivery, requires that the property be within view of those who attend the sale. (Civ. Code, sec. 3005; Code Civ. Proc., sec. 694.) It follows that to make a valid sale of personal property, it must be present at the sale, whether it be sold as a pledge or under order of sale upon a decree of foreclosure. Therefore it is necessary that the mortgagee, or someone acting on his behalf, shall obtain such possession in order that the property may be applied to the payment of the debt secured thereby. (*Ely* v. *Williams,* 6 Cal. App. 455, 457 [92 Pac. 393].) We conclude that, from the facts found in this case, it necessarily followed that the plaintiff was entitled to possession of the mortgaged property at the time of defendant's conversion thereof.

The judgment is reversed.

Shaw, J., and James, J., concurred.