[L. A. No. 9093. In Bank.—June 27, 1929.]

ABNER PODRAT et al., Respondents, v. OSCAR OBERN-DORFF et al., Defendants; CARRIE BELLE WATSON et al., Appellants.

Walters & Mauk and C. S. Mauk for Appellants.

Max Schleimer for Respondents.

O'Melveny, Tuller & Myers, *Amici Curiae* in Support of Appellants.

PRESTON, J.—An appeal in this cause was taken by certain defendants from the whole of the judgment in favor of plaintiffs, foreclosing a chattel mortgage and ordering a sale of the property covered thereby. Since the said appeal the judgment has been satisfied in all respects except as to the item of $517.67 allowed plaintiffs as attorneys' fees and the item of $140.04 allowed as taxes paid. The relationship of the various parties to the issues involved in the action is such that considerable space would be required to explain the situation, but this, if done, would throw no light upon the questions now remaining and a further statement in this respect is deemed unnecessary. ▆ Furthermore, as the appeal is on the judgment-roll alone, and the pleadings and findings support the allowance of the item of taxes paid, there is no ground for review of the court's action on this item.

▆ This leaves as the sole question for discussion, the power of the court to allow said or any attorneys' fee. This question recurs solely upon the following provision of the chattel mortgage: "It is also agreed that if the mortgagor shall fail to make any payment, as in the promissory note provided, then the mortgagee may taken possession of the said property, using all necessary force so to do, and may immediately proceed to sell the same in the manner provided by law, and from the proceeds pay the whole amount of said note specified, and all costs of the sale, including counsel fees and not exceeding      per cent upon the amount due, paying the overplus to the said mortgagor, all of said costs, including said counsel fees, being hereby secured."

Appellants insist that under this clause attorney's fees are allowable only when a sale of the mortgaged premises under foreclosure is made by the summary method provided in the chapter on pledges, Civil Code, sections 2967 and 3005, and that inasmuch as this method was not followed but

the regular method provided by the Code of Civil Procedure was employed, no attorneys' fees can be allowed in the action. Admittedly attorneys' fees may not be allowed if no warrant is found for such action in the contract of the parties; hence the correct interpretation of the above language of the instrument is required of us.

■ At the outset reference must again be made to section 2967 of the Civil Code from which we ascertain that upon default, the mortgagee has either one of two remedies—one by a summary sale as under the chapter on pledges and the other under the chapter of the Code of Civil Procedure relating to foreclosure proceedings by court action. We should also note the fact that sales had under either method must be conducted in the manner of sales had under execution (Civ. Code, sec. 3005; Code Civ. Proc., sec. 726), at which the personal property, if capable of manual delivery, must be present. (Sec. 694, Code Civ. Proc.; *Ely* v. *Williams,* 6 Cal. App. 455 [92 Pac. 393]; *Wixom* v. *Davis,* 57 Cal. App. 620, 623 [207 Pac. 694].) We should also note the fact that the taking of possession by the mortgagee under his contract with the mortgagor does not give him title but merely increases the value of his security. (*Harper* v. *Gordon,* 128 Cal. 489 [61 Pac. 84]; *Blodgett* v. *Rheinschild,* 56 Cal. App. 728, 737 [206 Pac. 674].)

If the right to reduce the property to possession in case of default is conferred upon the mortgagee by the contract, an action for claim and delivery may be employed to secure possession of it and this too whether the mortgagee intends to employ the one method or the other of foreclosure. Indeed, the claim and delivery action may be prosecuted while the action for foreclosure is pending in the court. (*Ely* v. *Williams, supra; Ashcroft Estate Co.* v. *Nelson,* 26 Cal. App. 400, 401 [147 Pac. 101]; *Blodgett* v. *Rheinschild, supra; Wixom* v. *Davis, supra; Harper* v. *Gordon, supra.*)

■ We may now give closer consideration to the language of the mortgage " . . . may immediately proceed to sell the same in the manner provided by law." Is not a sale conducted by either method a compliance with this provision of the contract? The chattel mortgage contains no other language respecting foreclosure than that above set forth. The two methods are not separately identified. Consequently there is no reason to say that a sale under the pledge law is

meant and a sale under the foreclosure proceeding provided by the Code of Civil Procedure excluded for each is surely a sale in the manner provided by law. It seems clearly to be the true meaning of the clause that a foreclosure by either method is contemplated and that any such sale conducted under either warrants the allowance of attorneys' fees. Moreover, it would seem that the general language was employed in order to cover both methods.

In the case of *Brickell* v. *Batchelder,* 62 Cal. 623, 630, we find the following language: "It would be difficult to detect any difference between a stipulation empowering a mortgagee to proceed to foreclosure on such default, and one giving authority on like default 'to proceed to sell' 'in the manner prescribed by law.' The law prescribes but one mode of sale in the case of mortgaged property, and that is at public outcry, by virtue of an execution issued on a judgment of foreclosure. (Code Civ. Proc., secs. 684, 726, 744.) The power given in the mortgage by the clause just above quoted is to proceed to sell in the manner prescribed by law—which, in our judgment, is in substance the same as a power to proceed to sell by means of an action to foreclose. The power to sell in the manner prescribed by law being given, all means given by law to render such power effectual are also conferred; that is, all means necessary to effectuate a sale in the mode established by law are given. The power to use the lawful means necessary and proper to carry out the express power is conferred and given by an implication as strong and clear as if it was expressed in so many words. (Civ. Code, sec. 1656.) This is a familiar and well-established rule in the construction of powers. (See Story on Agency, secs. 55, 56, 58, 59, 60, 73; Wharton on Agency, sec. 187.)"

While the above language was used with reference to a real estate mortgage, we see no reason for putting a different construction on the same words when applied to the same subject where personal property is involved. The quotation above set forth was approved in *Mercantile Trust Co.* v. *San Joaquin etc. Corp.,* 89 Cal. App. 558 [265 Pac. 583]. See, also, *Maddox* v. *Wyman,* 92 Cal. 674 [28 Pac. 838], where the provisions of section 726 et seq. were made applicable to a chattel mortgage with practically the identical language found in the chattel mortgage here.

It is said that certain early cases in Michigan and South Carolina support a conclusion contrary to the one here announced. The basic facts necessary to determine the applicability of these cases are not before us and what investigation we have been able to make does not confirm a conclusion that the situations there were parallel with the one before us. For example, in the Michigan cases real estate mortgages were referred to which did not contain the language here under consideration. The South Carolina cases cite no authority to sustain them and the facts contained in the opinions are so meager and the discussions so brief that the reasoning upon which the conclusions are based cannot be fully discerned. And at any rate, we are better satisfied with the interpretation here announced.

Lastly, no reason can be suggested for a mortgagee to have attorneys' fees allowed him where the mortgage is foreclosed by the summary method, where the services of an attorney are not needed, and denied him when foreclosure is by the regular method—a case in which the services of an attorney are usually indispensable. Common reason would also suggest that a debtor in default would prefer to have the foreclosure proceeding conducted according to the method provided by the Code of Civil Procedure for in such case the element of time would enter as well as a chance to be heard as to the ascertainment and adjudication of the true amount of the indebtedness and fixation of the proper fee.

These facts argue for the broader construction of the language. We, therefore, conclude that the language of the mortgage in question should be so construed as to allow attorneys' fees in a reasonable amount whether the mortgage be foreclosed by the one method or the other provided by law. It follows that the judgment appealed from should be in all respects affirmed and it is so ordered.

Langdon, J., Richards, J., Seawell, J., Waste, C. J., and Shenk, J., concurred.

CURTIS, J., Dissenting.—I dissent. There are two distinct and separate methods provided by the Civil Code for the foreclosure of a chattel mortgage, one "in the manner and upon the notice prescribed by the title on 'pledge'" and the other "by proceedings under the Code of Civil Pro-

cedure'' (Civ. Code, sec. 2967). The method of foreclosure in the manner and upon the notice prescribed by the title on pledge is a short and summary proceeding, and is one in which the services to be performed by an attorney are very simple, and consequently the charges of such attorney would be small. On the other hand, when the mortgagee resorts to proceedings under the Code of Civil Procedure, he must institute an action in court and prosecute the same until judgment is rendered and a sale under order of court h· These proceedings are much more extended, often quite complicated and frequently occupy a long period of time in the courts. It is apparent that the charges of an attorney to conduct such proceedings would be far greater than if he were employed to conduct a simple sale of the mortgaged property as a pledge. A mortgagor may be ·willing, and may agree, to pay a reasonable attorney's fee for the services of an attorney to conduct this less expensive method of foreclosing on the mortgaged property, and may be unwilling to obligate· himself to pay the larger attorney's fee incident to a foreclosure of the mortgage by an action in court. The obligation to pay an attorney's fee is a matter governed solely by contract (*Boob* v. *Hall,* 107 Cal. 160 [40 Pac. 117]; *Clemens* v. *Luce,* 101 Cal. 432 [35 Pac. 1032].) Therefore, where a mortgagor has agreed to pay an attorney's fee simply for services rendered in foreclosure of the mortgage as a pledge, there is no authority on the part of the court, in which an action is instituted to foreclose said mortgage, to enter judgment against him for an attorney's fee in said action.

As before noted, these two methods of foreclosing a chattel mortgage are separate and distinct. In the one the mortgaged property is taken possession of by the mortgagee and sold as a pledge. This method is the one and the only one mentioned or referred to in the chattel mortgage in this action. The clause giving the mortgagee authority to ''take possession of the said property, . . . and may immediately proceed to sell the same in the manner provided by law, and from the proceeds pay the whole amount of said note . . . including counsel fees'' can only refer to the method of foreclosure in the case of a pledge. For in the foreclosure by an action at law the mortgagee does not take possession of the mortgaged property, but in the decree of

foreclosure, the officer named therein is empowered to seize the mortgaged property and sell the same under said decree of foreclosure (*Pacific Investment Co.* v. *Ross,* 131 Cal. 8 [63 Pac. 67]). The words "may immediately proceed to sell the same in same manner provided by law," must be read in connection with the words which precede them and as thus read these words can only mean that the property, after the same has been taken possession of by the mortgagee, must be sold in the manner as provided by law for the sale of pledged property. The majority opinion cites the case of *Brickell* v. *Batchelder,* 62 Cal. 623, 630, as containing a contrary holding. It was there held that the words "proceed to sell in the manner prescribed by law" in the mortgage there under consideration, empowered the mortgagee to institute an action to foreclose the mortgage and sell the mortgaged property under execution sale. The mortgage involved in that action, however, was a real estate mortgage and the decision was based expressly upon the law relative to foreclosure of mortgages upon real property which "prescribes but one mode of sale in the case of mortgaged (real) property." The law is entirely different, as has before been pointed out, regarding mortgaged personal property, concerning which the law expressly and definitely prescribes two modes of sale. That being the case, the words used in the present mortgage can only refer to the mode of foreclosure indicated in the context in which these words are used, and this as indicated above means a foreclosure by the mortgagor taking possession of the mortgaged property and immediately selling the same, "in the manner and upon the notice prescribed by the title on 'pledge.' "

While this case appears to be one of first impression in this state, the question involved has frequently been before the courts of other jurisdictions. Jones on Mortgages enunciates the rule as follows: "Under a provision in a power of sale for an attorney's fee in case of foreclosure, [by seizure and sale] no allowance can be made if the mortgage is foreclosed in chancery instead." (3 Jones on Mortgages, p. 520, sec. 2060, citing *Van Marter* v. *McMillan,* 39 Mich. 304; *Sage* v. *Riggs,* 12 Mich. 313, and *Hardwick* v. *Bassett,* 29 Mich. 17.) All these cases are directly in point. For instance, as was said in the case of *Sage* v. *Riggs, supra;*

"The error complained of in this decree is the nonallowance of $100 attorney's fee for foreclosing the mortgage, provided for in the power of sale. It is insisted complainant is entitled to the $100, whether the foreclosure is in chancery, or at law by advertisement and sale under the power. It is not in a separate clause of the mortgage, standing by itself and providing a fee for foreclosing the mortgage generally, but in the power of sale of which it is a part. The language of the power is, 'rendering the surplus moneys, if any there be, to the parties of the first part, their heirs, executors or administrators, after deducting the costs and charges of such vendue and sale aforesaid, and also one hundred dollars as an attorney fee, should any proceedings be taken to foreclose this indenture.' The meaning of the words, 'should any proceedings be taken to foreclose this indenture' relied on by appellant, is easier asked than answered—nor is it necessary to decide. For they must be understood and construed with reference to the subjectmatter of the power, that is, a foreclosure by advertisement and sale of the mortgaged premises, and not a foreclosure in equity, of which no mention is made in the power or in any part of the mortgage." In the case of *Hardwick* v. *Bassett, supra,* the opinion was rendered by Judge Cooley, and in part is as follows: "This is a foreclosure case in which a bill has been taken as confessed against all the defendants, and decree entered for the amount due on the mortgage, including seventy-five dollars for an attorney's fee, the power of sale having provided that in case of foreclosure 'a reasonable number of dollars' might be deducted from the proceeds of sale for an attorney's, solicitor's or counselor's fee. The allowance of this sum was erroneous, as the clause which permitted it could only have reference to a foreclosure under the power of sale. (*Sage* v. *Riggs,* 12 Mich. 313.)" In the case of *Van Marter* v. *McMillan, supra,* the identical question was involved and the court on the authority of *Sage* v. *Riggs, supra,* struck out the allowance for attorney's fees. This same question has been before the Supreme Court of South Carolina in two well-considered cases. In the case of *Brown et al.* v. *Kolb,* 92 S. C. 309 [75 S. E. 529], it is said: "The mortgage provided that on default the mortgagee might seize and sell the property, and that upon the sale 'he shall apply

the proceeds of such sale, after deducting all expenses and charges, including attorney's fees, toward the payment and discharge of the indebtedness,' etc. Under a similar contract it was held in *Walker* v. *Killian*, 62 S. C. 482 [40 S. E. 887], that the mortgagee could not claim the fees if he foreclosed by action, and not by seizure under the power.'' In this action the judgment was modified by striking therefrom the attorney's fees.

My attention has not been called to a single case in any jurisdiction supporting the rule enunciated in the majority opinion. In the face of the well-considered cases above mentioned, in which some of our most eminent American jurists, including Judge Cooley of Michigan, have participated, it seems ill advised for this court to prescribe a rule in conflict with all the adjudicated cases to be found in the reports, and contrary to the views of our most reputable text-writers. Besides, it does not seem either equitable or just that the court should fasten on the unfortunate mortgagor, who has been unable to meet the payments called for by his mortgage, an obligation to pay the necessarily larger fee to which an attorney would be entitled in a foreclosure action, when his only contract was to pay the nominally small charge incident to summary proceedings to foreclose said mortgage as a pledge. In my opinion the judgment in this action should be modified by striking therefrom the provisions thereof allowing plaintiff an attorney's fee for foreclosing said chattel mortgage.