Ogborn et al. v. Eliason.

———•◆•———

No. 8318.

OGBORN ET AL. v. ELIASON.

MORTGAGE.—*Note.*—A mortgage which describes the note it secures, by giving the date, the amount, the time of payment and the rate of interest, is sufficient without giving the names of the maker or makers.

Ogborn *et al. v.* Eliason.

SAME.—*Evidence.*—*Pleading.*—A note signed by the persons who are alleged to have executed it, and corresponding with the description contained in the mortgage, is admissible in evidence under such allegation.

SAME.—*Attorney's Fees.*—Where a note secured by a mortgage stipulates for the payment of attorney's fees, such fees may be recovered in a foreclosure proceeding.

SAME.—*Contract.*—*Foreclosure.*—If the note and mortgage are made at the same time, they constitute one contract, and in such case such fees as are incurred in the foreclosure proceeding may be recovered.

SAME.—*Foreclosure.*— *Husband and Wife.*—*Judgment.*—In an action to foreclose a mortgage upon the wife's property, given to secure a note signed by the husband, a personal judgment over against him is proper, though the note was given for the wife's debt.

SAME.—*Attorney's Fees.*—A motion by the husband to strike from the personal judgment against him the sum allowed as attorney's fees was properly overruled, for the reason that if the land did not sell for the residue of the judgment, the order was right.

From the Wayne Circuit Court.

*J. L. Rupe,* for appellants.

*T. J. Study,* for appellee.

BEST, C.—The appellee brought this action to foreclose two mortgages alleged to have been executed by the appellants upon the same piece of property. The complaint consists of two paragraphs. The first declares upon a mortgage, alleged to have been executed by the appellants to the appellee on the 21st day of February, 1877, to secure a note of $1,000, of even date, payable by appellants two years thereafter, with interest at ten per cent, and attorney fees.

The second paragraph is upon a mortgage alleged to have been executed by appellants on the 23d of April, 1874, to John G. Chandler, to secure the payment of a note of $500, of the same date, made by them to him, payable one year thereafter, with ten per cent. interest, and by him endorsed to the appellee. The value of the attorney fees is stated, and it is alleged that the notes are due, and remain unpaid. Copies of the notes and mortgages are filed with and made part of the complaint.

Issues were formed, trial had, and, over a motion for a new trial, judgment was rendered for the appellee.

The appellants appeal and assign as error, that the court erred in overruling their motion for a new trial, and in overruling the motion of Harrison Ogborn, to modify the judgment.

The reasons urged for a new trial will be considered in the order in which they are presented.

The appellants first insist that the court erred in admitting the mortgage, mentioned in the second paragraph of the complaint, in evidence, because it described no debt. The mortgage reads, "to secure the following described note, to wit," and then follows a literal copy of the note alleged to be secured by the mortgage, except the signatures of the makers. This was a sufficient description. The law does not require a literal description; a general one is sufficient. Jones on Mortgages, sec. 70, says: "Literal exactness in describing the indebtedness is not required; it is sufficient if the description be correct so far as it goes, and full enough to direct attention to the sources of correct and full information in regard to it, and the language used is not liable to deceive or mislead as to the nature or amount of it."

The mortgage purports to describe a note, and the description given states the amount, the date, the time of payment, the rate of interest and the name of the payee. The name of the maker or makers, it is true, is not given, but this was unnecessary, as the law does not require a full and complete description. One that puts those who are interested upon inquiry is sufficient. It will not do to assume that the description is a literal copy of the paper secured by the mortgage, and, because no signature appears to the description, that there is none to the note secured. The mortgage purports to secure a note, and as there can not be a note unless there is a maker, that fact, if necessary, sufficiently appears. It is, of course, unnecessary to state the

name of the maker or makers of a note, if it otherwise suffi-ciently appears that a debt is secured. If it appeared that the note was not signed, or was signed by a person not bound thereby, a very different question would arise. We think the court did not err in this ruling.

It is also insisted that the court erred in admitting in evi-dence the note described in the second paragraph of the complaint, because it did not correspond with the descrip-tion in the mortgage, and because there was no evidence, other than the note, to prove its identity. There is nothing in either of these objections.

Jones on Mortgages, at section 350, says: "It is not nec-essary that all the particulars of the note * * secured by a mortgage should be specified in the conditions of it, in order to identify it as the note intended to be secured. If the paper offered in evidence agrees with the description contained in the mortgage so far as that goes, only that this description is not complete, the possession and produc-tion of the instrument is *prima facie* evidence that it is the same mentioned in the condition."

The note offered in evidence corresponded precisely with the copy filed with the complaint, agreed exactly with the description contained in the mortgage, and was, therefore, properly admitted in evidence.

It is also insisted that the finding is not sustained by suf-ficient evidence. This position can not be maintained. The production of the note and mortgage in evidence abundantly supported the finding.

It is further insisted that the court erred in permitting a witness called by the appellee to answer the following ques-tion: "What would be a reasonable attorney's fee for the collection of a note of $1,164.40 by the foreclosure of a mortgage given to secure the same?"

Two objections are urged to this question. The first is, that such attorney fees as the notes may authorize the ap-

pellee to collect, can not be recovered in a foreclosure proceeding. This question has already been decided adversely to the appellants. *Hosford* v. *Johnson*, 74 Ind. 479.

The next objection is, that, as the stipulation for the payment of attorney fees is in the note, it only obligates the appellants to pay such fees for the collection of the note by suit thereon, and not by a foreclosure of the mortgage. No authority is cited to support this position, and we think it untenable. The note and mortgage were executed at the same time, and constitute one contract. Every stipulation of the note is incorporated into and forms a part of the mortgage.

In *Howe* v. *Dibble*, 45 Ind. 120, it was said: "The notes and mortgage are so much one instrument, that we think the stipulation in the notes, that they shall be collectible without relief from valuation laws must be carried into the mortgage also." So we think the stipulation in the notes for the payment of attorney fees must be regarded as a part of the mortgage, and thus regarded it entitled the appellee to such reasonable fees as were incurred in collecting the sum secured, by foreclosure proceedings.

The appellants also insist that the court erred in refusing to modify the judgment. The court found that there was due upon the notes and mortgages $1,837.96, and $80 as attorney fees. It then ordered the property sold, and directed the proceeds to be applied, first, in payment of the costs; second, in payment of the $1,837.96 and the accruing interest thereon; and, third, the excess, if any, to be paid to Rhoda C. Ogborn. It further ordered, that, if the proceeds should be insufficient to pay the costs, the $1,837.96 and accruing interest, the sum remaining unpaid, with the $80 attorney fees, should be collected from any other property of Harrison Ogborn. The motion of Harrison Ogborn was to "modify said decree, by striking out that part thereof which provides that $80 attorney fees and

interest thereon be levied and collected'' from his property, for the reason that no personal judgment could be rendered in this action.

The appellant concedes, that, where there is an express agreement for the payment of the sum secured, the court may render a judgment.over for any balance that may remain unsatisfied after the sale of the mortgaged premises, but insists, that, since it appears that the property belonged to Rhoda C., the wife of Harrison, the debt must be hers, and in such case no personal judgment can be rendered against him. We think otherwise. The note .bound him, though it may have been given for his wife's debt. The mortgage secured its payment, and in such case the statute authorized the rendition of the judgment.

It is further insisted, that, if such judgment could be rendered, the court should have ordered the proceeds, if sufficient, to be applied in satisfaction of the amount allowed as attorney fees. This is true, but the appellant did not move the court to thus modify the judgment. He merely asked the court to modify the judgment by striking out that portion that required the payment of attorney fees after the proceeds of the property were exhausted. The judgment thus modified would not have entitled the appellee to any attorney fees. By the judgment rendered, she was not entitled to them from the proceeds of the sale, and, if modified as asked, would not have been entitled to them at all. The sum assessed for attorney fees was a part of the sum total for which the judgment should have been rendered, and the appellee was entitled to a judgment over for such sum as remained unpaid after the sale of the mortgaged premises, whether that sum was or was not denominated attorney fees. After they were assessed they lost their distinctive character, and became part of the general judgment. The judgment rendered, fairly construed, orders the proceeds of the sale applied in satisfaction of the whole sum

found due, except $80 ; and, if the proceeds should be insufficient to pay such sum, the residue and the $80 should be collected from the appellant. The appellee was entitled to a judgment over for such sum as the proceeds of the land should not pay, and, if they should not be sufficient to pay the sum named, the order was right. The appellants were entitled, however, to such a modification of the judgment as would require the proceeds of the sale, if sufficient, to be applied in payment of the whole amount found due, but he did not ask the court to thus modify its order. The modification asked would have enabled the appellant and his wife to escape the payment of the sum assessed as attorney fees, and would have resulted in manifest injustice to the appellee. If the appellants desired this sum paid from the proceeds of the land, he should have requested it. There was no error in overruling the motion, nor is there any in the record. The judgment should, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellants' costs.