[No. 19234.   Department One. — February 28, 1894.]

JERE W. CLEMENS, RESPONDENT, *v.* M. A. LUCE
ET AL., APPELLANTS.

MORTGAGE—DEFAULT OF INTEREST—MATURITY OF DEBT—OPTION OF MORT-
GAGEE.—Where a mortgage provided for the maturity of the whole mort-
gage debt upon default in the payment of interest, the fact that the
note thereby secured provides for the "interest payable quarterly, and
if not so paid then to become a part of the principal, and to bear a like
rate of interest till paid," does not preclude the foreclosure of the mort-
gage, upon nonpayment of the interest at the option of the mortgagor,
who alone has the right to dispose of the interest due and unpaid in the
manner described in the note, and may elect to proceed on default to
foreclose the mortgage.

ID.—INSUFFICIENT ANSWER—JUDGMENT UPON PLEADINGS.—Where the
note and mortgages sued upon were executed in favor of the plaintiff,
an answer denying that plaintiff was the owner and holder of the mort-
gages raises no issue, and a judgment upon the pleadings in favor of the
plaintiff is properly ordered.

ID.—DEMAND OF PAYMENT—ACCRUAL OF CAUSE OF ACTION.—The mortga-
gor being guilty of a breach of contract when he defaulted in payment
of interest, the cause of action for the foreclosure of the mortgage im-
mediately accrued according to its terms, and no demand for payment
is necessary for the commencement of the action.

ID.—ATTORNEY'S FEES.—Where the mortgage merely provides security for
the payment of the principal and interest specified in the note, and does
not provide for securing the payment of any attorney's fee, such fee
cannot be made a lien upon the land or be provided for in the decree of
foreclosure.

ID.—CONTRACT FOR ATTORNEY'S FEE IN NOTE—NOTICE OF OPTION.—Where
the note secured by the mortgage provides for the payment of attorney's
fees not provided for in the mortgage, and does not provide in terms for
the right to bring an action before its maturity, that right being created
by the mortgage alone and limited to a foreclosure of the mortgage, the
holder cannot recover judgment for the attorney's fees provided for in
the note without giving notice of his option to claim the whole amount
to be due before bringing suit.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Luce & McDonald*, for Appellant.

The court erred in allowing a judgment on the plead-
ings, as there being a conflict between the written and
printed matter in the note and mortgage, the allegations

of the answer tendered an issue as to the maturity of the note and mortgage. (Code Civ. Proc., sec. 1862; Civ. Code, sec. 1651; *Vorwerk* v. *Nolte,* 87 Cal. 236–39.) The mortgage not having been executed as security for the attorney's fee cannot be extended to include such fee. (*Monroe* v. *Fohl,* 72 Cal. 568.) The insertion in the note of the provision for an attorney's fee made it a non-negotiable instrument, a mere contract in fact for the payment of money. (*Adams* v. *Seaman,* 82 Cal. 636.) The note being a contract for the payment of money, it was payable upon demand, and demand was absolutely necessary before suit in order to support a judgment for such attorney's fees. (*Prescott* v. *Grady,* 91 Cal. 518–21; *Lindley* v. *Ross,* 137 Pa. St. 629.) But the provision for the payment of an attorney's fee is in reality a penalty or forfeiture for the nonpayment of the note and is, therefore, absolutely void. (*Bullock* v. *Taylor,* 39 Mich. 137; 33 Am. Rep. 356; *Witherspoon* v. *Musselman,* 14 Bush. 214; 29 Am. Rep. 404; *Merchants' Nat. Bank* v. *Sevier,* 14 Fed. Rep. 662. See, also, *Prescott* v. *Grady,* 91 Cal. 521; Civ. Code, sec. 1670; *Muldoon* v. *Lynch,* 66 Cal. 536; *Eva* v. *McMahon,* 77 Cal. 467–72; *Drew* v. *Pedlar,* 87 Cal. 443–50.) No damages for the detention of money beyond the interest allowed by law or the contract of the parties can be recovered. (*Insurance Co.* v. *Piaggio,* 16 Wall. 378; *Loudon* v. *Taxing Dist.,* 104 U. S 771.)

*J. B. Mannix,* for Respondent.

The denial in the answer that the note was due was but a conclusion of law, and raised no issue. (*Drew* v. *Pedlar,* 87 Cal. 451.) The second denial, for want of information and belief that plaintiff was the owner and holder of the note and mortgages sued on, which run to him on their face, is frivolous, and raises no issue. (*Frost* v. *Harford,* 40 Cal. 166; *Fetch* v. *Beaudry,* 40 Cal. 444; *Monroe* v. *Fohl,* 72 Cal. 570.) The defense that prior to the commencement of the action no demand was made for the sum due was not well taken, as the

promise to pay the interest quarterly was absolute, and upon default the principle became due without notice or demand (*Whitcher* v. *Webb*, 44 Cal. 127; *Life Ins. Co.* v. *Shepardson*, 77 Cal. 345; *Hewitt* v. *Dean*, 91 Cal. 5); and therefore a demand for payment should have been made before the commencement of the action. (*Maddox* v. *Wyman*, 92 Cal. 674, 676; *Pierce* v. *Whiting*, 63 Cal. 541, 542; *Connor* v. *Dingley*, 26 Cal. 19, 20; *Marshall* v. *Ferguson*, 23 Cal. 69; *Brickell* v. *Batchelder*, 62 Cal. 632, 633; *Stockton S. & L. Co.* v. *Donnelly*, 60 Cal. 481.) Under the provisions of section 726 of the Code of Civil Procedure there can be but one action in this state for the recovery of any debt, or the enforcement of any right secured by mortgage; and in respect to the provision for counsel fees, as well as that relating to the payment of interest, and the effect of default thereon, and in all other respects, the note and mortgage are to be construed together as if they were parts of one instrument. (1 Jones on Mortgages, 71; Civ. Code, sec. 1642; *Brickell* v. *Batchelder*, 62 Cal. 632, 633; *Ingoldsby* v. *Juan*, 12 Cal. 564, 577; *Patterson* v. *Donner*, 48 Cal. 377; *Maddox* v. *Wyman*, 92 Cal. 674, 675; *Uhlhorn* v. *Goodman*, 84 Cal. 189.) The motion for judgment on the pleadings was properly granted. (*San Francisco* v. *Staude*, 92 Cal. 562.)

GAROUTTE, J.—This is an action of foreclosure of two certain mortgages, the note and mortgages being executed by appellant Luce in favor of respondent Clemens. The note was payable two years after date, interest payable quarterly, and if not so paid then to become a part of the principal and bear a like rate of interest till paid. The note also contained the following provision: "And I further agree that in the event of suit being brought against me then there shall be added to any judgment against me rendered in said suit as counsel fees an additional sum of five per centum in like gold coin upon the amount of the principal and interest hereof, accrued at the time of the entry of such judg-

ment, or, if paid before judgment and after action commenced, then on the amount at the date of payment." The mortgages recited that if default be made in the payment of the interest, or any part thereof, according to the tenor of said note then the whole sum of principal and interest shall become immediately due, and the mortgagee may proceed with suit of foreclosure and sell the mortgaged premises in the manner provided by law. The mortgages also contained the recitals, that they are given " as security for the payment to said mortgagee of the sum of sixteen thousand dollars, in gold coin of the United States of America, with interest thereon according to the terms of a certain promissory note, of date September 22, 1891, in words and figures," etc.

It is insisted that a general demurrer to the complaint should have been sustained upon the ground that nothing was due upon the note at the time the action was brought. Two of the quarterly installments of interest had not been paid when the complaint was filed, but it is charged that such payments were not due, inasmuch as the maker of the note had the privilege of allowing the installments of interest to become a part of the principal. There is no strength in appellants' position. The mortgages are attached to, and made a part of, the complaint, and there is not the slightest conflict between the terms of the note and the terms of the mortgage when we consider them together. This identical question was before the court in *Brickell* v. *Batchelder*, 62 Cal. 623, and it was there said: " The right to dispose of the interest due and unpaid in the mode prescribed in the note was given to the plaintiff mortgagee, not to the mortgagors. A failure to so dispose might arise from the concession of the plaintiff and not from any default of the mortgagors, except by default in paying the interest monthly. The language of the note and mortgage gave to the mortgagee the right on default to preceed to foreclosure. He might delay it or waive it, but a delay in exercising this right could not be construed as depriving him of it." The

same principle is also recognized and approved in *Maddox* v. *Wyman*, 92 Cal. 674.

The judgment upon the pleadings was properly ordered. The answer created no issue. The denial that the plaintiff was the owner and holder of the note and mortgages amounts to nothing. (*Monroe* v. *Fohl*, 72 Cal. 568; 95 Am. Dec. 90; *Poorman* v. *Mills*, 35 Cal. 118; *Bank of Shasta* v. *Boyd*, 99 Cal. 604.) Neither is there a conflict between the provisions of the note and the terms of the mortgage as to when the note is to become due; and consequently the fact that certain provisions of one were printed, and certain provisions of the other written, becomes entirely immaterial. Again, no demand for payment was necessary prior to the commencement of the action, for the mortgagor was guilty of a breach of contract when he defaulted in payment of interest, and the cause of action immediately accrued. *Prescott* v. *Grady*, 91 Cal. 518, is not in point.

The mortgages in this case were given as security for the payment of sixteen thousand dollars in gold coin, with interest thereon, as specified in a certain note. This was the contract of the parties. It nowhere appears in either of said mortgages, that they were given to secure the payment of any attorney's fee whatever. Indeed, the matter of attorney's fee is not mentioned in either instrument. As to what these mortgages were given to secure was a matter of pure contract between the parties. They could have been given to secure the principal of the note alone, or the interest alone, or both principal and interest, as was actually done, or they could have been given to secure future advances and attorney's fees, in case of foreclosure. It follows that security for an attorney's fee is not provided for in either mortgage, and consequently such fee cannot be made a lien upon the land, and the judgment of the court in that regard is erroneous. We are authorized to go a step further, and hold that plaintiff, as to the foreclosure of the securities, was not entitled to any attorney's fee whatever, for there was no stipulation to that

effect in the mortgage. This has always been the law in this state. (*Monroe* v. *Fohl*, 72 Cal. 568.)

As the obligation for the payment of attorney's fees, although not secured by the mortgage, was included in the instrument by which the secured debt was evidenced, and provided that judgment might be entered for counsel fees in such suit, it was properly included in the same action, but the right to a judgment for such fees was the same as it would have been in an action upon a promissory note with such a clause, of which no part was secured by mortgage. In such a case it is held that when the note is payable on demand, it is necessary to allege and prove an actual demand before there can be such a breach of the contract as will authorize a recovery of this special demand for attorney's fees. (*Prescott* v. *Grady*, 91 Cal. 518.) Although by the terms of this agreement the maker renders himself liable to an action by his mere default prior to the maturity of his obligation (*Hewitt* v. *Dean*, 91 Cal. 5), yet if his liability for additional damage is not so established, but is merely consequent upon another liability which depends upon the option of the holder of the instrument, and cannot exist until after that option shall have been exercised, it is only just that the holder of the obligation should inform him of this option, in order that he may avoid the additional damage by making payment of the note. The right to bring an action after his default without any demand of payment is limited to the purposes for which the action is to be brought viz., the foreclosure of the mortgage, and it does not include the attorney's fees. As the note in the present case does not give to the holder the right to bring an action before its maturity, that right being created by the mortgage alone, and limited to a foreclosure of the mortgage, if the holder would claim the attorney's fees provided for in the note, he should be required to give notice of his option to claim the whole amount to be due, as much as though the action was upon the note alone. For this reason

the judgment for the amount of attorney's fees was erroneous.

It is ordered that the cause be remanded, with direction to the trial court to modify the judgment by striking therefrom the amount of the attorney's fee allowed; and in all other respects it is ordered that the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.

Hearing in Bank denied.