<hr/>

## SAINSEVAIN v. LUCE et al.

### No. 19,274; February 28, 1894.

#### 35 Pac. 1033.

**Guardian—Suit on Note in His Own Name.**—Though the code provides that a guardian must sue in the name of his ward, a payee of a note who is described as "guardian" may sue in his own name, in the absence of evidence of a ward or trust estate.

**Mortgage—Attorney Fees.**—Where a Mortgage Secures in terms only the principal and interest of a note, a lien cannot be had for attorneys' fees, though the note provides for them.

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action by Paul Sainsevain against M. A. Luce, C. S. Luce and Olive B. Montania to foreclose a mortgage. Judgment for plaintiff, and defendants appeal. Modified.

Luce & McDonald for appellants; Sweet, Sloane & Kirby for respondent.

TEMPLE, C.—This appeal is upon the judgment-roll. The suit is to foreclose a mortgage, which is fully set out in the complaint. It recites that the mortgage is given to secure the payment of $20,000, with interest, according to the terms of

a promissory note, "in the words and figures following."
The note is then set out, and is as follows:

"2,000.                           San Diego, Cal., Aug. 19, 1890.

"Two years after date, without grace, for value received,
I promise to pay to the order of Paul Sainsevain, guardian,
the sum of two thousand dollars, with interest thereon from
this date until payment, at the rate of eleven per cent. per
annum, payable quarterly; and, if not so paid, then to become
part of the principal of this note, and to bear like rate of
interest till paid; both principal and interest to be paid in
United States gold coin. And I further agree that, in the
event of suit being brought against me, then there shall be
added to any judgment against me rendered in said suit, as
counsel fees, an additional sum of ten per centum, in like
gold coin, upon the amount of the principal and interest
thereof accrued at the time of the entry of such judgment;
or, if paid before judgment and after action commenced, then
on the amount at date of payment.

"[Signed]   M. A. LUCE."

The mortgage then contains a covenant that, in case of de-
fault in payment of interest, the whole sum of principal and
interest shall become due. This, with a description of the
property mortgaged, constitutes the entire mortgage.

Appellant first contends that the plaintiff cannot maintain
this action because the note is payable to him as guardian, and,
under our code, a guardian cannot maintain an action in his
own name, but suit must be in the name of the ward. But
the description of the payee as guardian, in the absence of
any showing that there was a ward or a trust estate, does not
show that the money did not belong to plaintiff. There is
nothing in the mortgage or complaint which would justify a
finding that the plaintiff is not the proper party to bring suit.
If the defendant had answered averring that the note belonged
to a ward of plaintiff, the description would have materially
contributed to strengthen any proofs he may have had, but,
standing alone, it is of no consequence.

It is next objected that the mortgage was not given to secure
an attorney's fee, and that it was error to give plaintiff a
lien for that. In this respect I think the decree is erroneous,
and must be modified. A mortgage is but a contract for a
lien, and is whatever the parties make it. This mortgage in

terms only secures the payment of $2,000, and interest, and cannot, by implication or otherwise, be construed to give a lien for the attorney's fee: Clemens v. Luce, 101 Cal. 432, 35 Pac. 1032.

Respondent does not claim that he is at least entitled to a personal judgment in case he is denied a lien for the attorney's fee. It is therefore not necessary to determine whether such relief might be obtained in this suit. I think the decree should be modified by deducting therefrom the amount of the attorney's fee allowed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion, it is ordered that the decree be modified by deducting therefrom the sum of $200, the amount of the attorney's fee therein allowed, and, as so modified, the judgment appealed from is affirmed.