## RAFFERTY v. HIGH et al.

## No. 19,469; August 8, 1895.

### 41 Pac. 489.

**Mortgages—Counsel Fees.—A Mortgage Expressly Stating that** it is given "as security for the payment of" the principal sum of the note, "with interest thereon according to the terms of the note," does not secure counsel fees provided by the note in case of suit being brought against the maker.

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action by Mrs. E. C. Rafferty against Annie M. High and others. Judgment for plaintiff. Defendants appeal. Modified.

M. A. Luce for appellants; E. W. Britt for respondent.

VANCLIEF, C.—Action to foreclose two mortgages on the same lot of land, each to secure a distinct promissory note. The rate of interest on each note was fifteen per cent per annum from date of note until payment,. payable and compounded semi-annually, and each note contained the following: "And I further agree that, in the event of suit being brought against me, then there shall be added to any judgment against me rendered in said suit, as counsel fees, an additional sum of ten per centum . . . . upon the amount of the principal and interest hereof accrued at the time of the entry of such judgment." Each mortgage was expressly given "as security for the payment of" the principal sum of the note, "with interest thereon according to the terms of the note," and a copy of the note secured was set out in each mortgage. But. neither mortgage expressly purported to secure the payment of counsel fees in any event. The trial court allowed plaintiff counsel fees amounting to $178.91, and held that the payment of them was secured by the mortgages, and ordered that they be paid from the proceeds of the foreclosure sale. Counsel for appellants contends that the court erred in holding that counsel fees were secured by the mortgages, and whether or not they were so secured is the only question pre-

8

sented on this appeal. Upon this question I think the case of Clemens v. Luce, 101 Cal. 432, 35 Pac. 1032, is clearly in point for appellants. In that case the note secured by mortgage provided for the payment of counsel fees in the same language and form as in this case; and the mortgages in that case stated that they were given "as security for the payment to said mortgagee of the sum of $16,000, with interest thereon according to the terms of a certain promissory note, of date September 22, 1891"—setting out a copy of the note—but said nothing about securing counsel fees. In that case this court said: "As to what these mortgages were given to secure, was a matter of pure contract between the parties. They could have been given to secure the principal of the note alone, or the interest alone, or both principal and interest, as was actually done, or they could have been given to secure future advances, and attorney's fees in case of foreclosure. It follows that security for an attorney's fee is not provided for in either mortgage, and consequently such fee cannot be made a lien upon the land, and the judgment of the court in that regard is erroneous." This decision has been affirmed in at least three unreported cases: See list of unreported cases in 101 Cal. xvii. Counsel for respondent cite the case of Ogborn v. Eliason, 77 Ind. 393; but in that case it does not appear that the mortgage purported to secure only the principal and interest of the note, as in the case at bar. For aught that appears in the report of that case, the mortgage may have expressly purported to secure payment of the note according to its terms, without specifying merely the principal and interest, and omitting counsel fees, as in this case. I think the court erred in deciding that the payment of counsel fees was secured by the mortgages, and that the judgment should be modified by subtracting from the total amount adjudged to be secured by the mortgages the sum allowed for attorney's fees, to wit, $178.91; and, thus modified, the judgment should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons stated in the foregoing opinion the judgment is modified according to that opinion, and, as so modified, is affirmed. Costs of the appeal to be taxed to the respondent.