[No. 12529.   Department One.   August 16, 1915.]

JOHN T. MATSON, *Respondent*, v. ROY D. FRANK, *Appellant*.[1]

MORTGAGES — FORECLOSURE — ATTORNEY'S FEES—STATUTES. Upon the foreclosure of a mortgage securing the payment of a principal sum and interest according to the terms and conditions of two certain promissory notes, which notes provided for a reasonable attorney's fee, the superior court is authorized to fix a reasonable sum for attorney's fees to be included in the judgment and made a lien upon the mortgaged property; in view of Rem. & Bal. Code, § 474, which provides that the compensation of attorneys shall be left to the agreement of the parties, with allowances to the prevailing party of certain sums for expenses as costs, and § 475, providing that, in all cases of foreclosure of mortgages, the amount thereof shall be fixed by the court at such sum as the court deems reasonable, any stipulation in the note or mortgage to the contrary notwithstanding, but the fee in no case to be fixed above the contract price stated in the note and mortgage.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 7, 1914, in favor of the plaintiff, allowing counsel fees upon the foreclosure of a mortgage.   Affirmed.

*Myers & Johnstone*, for appellant.

*John P. Hartman* and *Arthur E. Nafe*, for respondent.

MOUNT, J.—This action was brought to foreclose a mortgage upon real estate. The defendants admit the allegations of the complaint except as to the attorney's fees. They alleged that the mortgage provided for no such fees. The only issue at the trial was whether a reasonable fee should be al-

[1]Reported in 151 Pac. 89.

lowed.   The trial court allowed an attorney's fee of $100, which was made a lien upon the mortgaged property.   This appeal is prosecuted from that part of the judgment.

The note provides:

"In case suit or action is instituted to collect this note, or any portion thereof, I promise and agree to pay in addition to the costs and disbursements provided by statute, reasonable sum of dollars in like gold coin for the attorney's fees in said suit or action."

The mortgage recites that it is

"To secure the payment of eleven thousand dollars, lawful money of the United States, together with interest thereon at the rate of six per cent per annum until paid, according to the terms and conditions of two certain promissory notes bearing even date herewith, . . ."

It is argued by the appellant that, because the mortgage did not in terms provide for the payment of attorney's fees, the court erred in including attorney's fees in the judgment and in making it a lien upon the real estate described in the mortgage.   Our statute at § 474, Rem. & Bal. Code, provides:

"The measure and mode of compensation of attorneys and counselors shall be left to the agreement, expressed or implied, of the parties, but there shall be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which allowances are termed costs."

Section 475 provides:

"In all cases of foreclosure of mortgages and in all other cases in which attorney's fees are allowed, the amount thereof shall be fixed by the court at such sum as the court shall deem reasonable, any stipulation in the note, mortgage or other instrument to the contrary notwithstanding; but in no case shall said fee be fixed above contract price stated in said note or contract."

It seems plain from these sections that the court is authorized to allow a reasonable sum for counsel fees upon the

judgment in mortgage foreclosures. In *Exchange National Bank of Spokane v. Wolverton*, 11 Wash. 108, 39 Pac. 248, in a foreclosure action where the mortgage was substantially the same as it is in this case, and in referring to the same statutes, it was held that an attorney's fee was proper to be allowed upon the judgment. In *Potvin v. Blasher*, 9 Wash. 460, 37 Pac. 710, we held that the notes and mortgage were to be construed as one transaction.

The appellant cites and relies upon *Clemens v. Luce*, 101 Cal. 432, 35 Pac. 1032, where it was held that, where a mortgage was given to secure a note according to the terms thereof, the mortgage did not secure an attorney's fee. The provisions of the California statute are not called to our attention. We are satisfied that, under our statute, it is the duty of the court, where an attorney's fee is provided for in either the note or the mortgage, to allow a reasonable attorney's fee to be taxed as costs upon the judgment. This seems to be the clear meaning of our statute. It might as well be argued that other costs are not a lien upon the property as to argue that attorney's fees cannot be a lien upon the property securing the note, because the attorney's fees under the statute are taxed as a part of the costs in the case. We are satisfied that, under our statute, the court properly found a reasonable attorney's fee in this case, and made the same a lien upon the mortgaged property.

The judgment is therefore affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and CROW, JJ., concur.