[No. 14849.  Department Two.  February 13, 1919.]

ABRAHAM L. WATSON *et al.*, *Respondents*, v. F. J.
        BARNARD *et al.*, *Appellants*.[1]

APPEAL (389)—REVIEW—AMENDMENTS REGARDED AS MADE.  Where,
under an amended cross-complaint to foreclose a nonassignable
mortgage, it appeared by stipulation that the assignee sued as trus-
tee of an express trust for the benefit of the mortgagees, his com-
plaint will be deemed amended to make himself a party as trustee;
in view of Rem. Code, § 180, authorizing a trustee of an express trust
to sue in his own name.

MORTGAGES (243.)—FORECLOSURE—ATTORNEY'S FEES.  In an action
to foreclose a junior mortgage providing for an attorney's fee of
$50, and for personal judgment on the mortgage note, which pro-
vided for a reasonable attorney's fee, the foreclosure can include only
the $50 fee, but personal judgment may be entered upon the judg-
ment for a reasonable fee; ·in view of Rem. Code, § 475, which author-
izes a reasonable fee on foreclosure of the mortgages in the sum to
be fixed by the court, not exceeding the fee fixed by the contract.

SAME (57, 185)—PRIORITY—CONSIDERATION—EVIDENCE.  Upon an
issue as to the priority of senior mortgages, a *prima facie* case is
made by the showing that they were given for money loaned, by
introducing the notes and mortgages, and proof of nonpayment and
the recording; and shows they were given for a valuable considera-
tion.

SAME (8)—DEBTS SECURED—VALIDITY—GOOD FAITH.  The good
faith and validity of a senior mortgage is sustained by the fact that
it was largely given for an antecedent indebtedness then existing,
and to cover future advances to be made, and that a future advance
was made very shortly after its execution and delivery.

SAME (60)—PRIORITY—NOTICE—BURDEN OF PROOF.  The burden is
upon a junior mortgagee to show by clear and convincing evidence
that mortgages of prior record were given with actual notice of his
mortgage, or of facts sufficient to put upon inquiry.

SAME (233-235)—FORECLOSURE—APPLICATION OF PROCEEDS—PRIOR-
ITY.  Where a first mortgage was given on an undivided three-
fourths of a quarter section, a second mortgage upon the whole
tract, a third mortgage upon an undivided one-fourth, and a fourth
mortgage upon the whole tract, the third mortgage could not be
satisfied out of the proceeds of the sale of the undivided one-fourth,

[1]Reported in 178 Pac. 477.

because the second mortgage was a prior lien thereon, after satisfaction of the first mortgage.

COSTS (62)—APPEAL—MORE FAVORABLE JUDGMENT. A party securing a more favorable judgment on appeal is entitled to costs of the appeal.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Cowlitz county, Darch, J., entered March 27, 1917, upon findings in favor of the plaintiffs, in consolidated actions to foreclose mortgages, tried to the court. Modified.

*Dan E. Hardin,* for appellants Barnard *et al.*

*M. J. Gore, Oscar Furuset,* and *Bausman & Oldham* (*Walter L. Nossaman,* of counsel) for appellants Cowlitz County Bank *et al.*

*C. E. Moulton, Graham & Nash,* and *Miller & Wilkinson,* for appellant Nash.

*McMaster, Hall & Drowley,* for respondents Carlson estate *et al.*

HOLCOMB, J.—These actions, consolidated for trial, involve the foreclosure of four mortgages on real estate in Cowlitz county: (1) mortgage to Watson and Bystrom, as executors and trustees of the estate of Elias Carlson, deceased, dated September 19, 1911, and recorded the same day, for $5,000, on the undivided three-fourths of the quarter-section of land involved; (2) mortgage to John Cooper, dated November 15, 1913, recorded November 18, 1913, reciting that it is a second mortgage on all of the same quarter-section, for $2,500; (3) mortgage to the Cowlitz County Bank, dated November 14, 1913, recorded January 2, 1914, for $4,000, on the undivided one-fourth of the same quarter-section; (4) mortgage to H. H. Schwartz, dated August 14, 1911, recorded Feb-

ruary 24, 1914, for $4,500, on all of the same quarter-section. This mortgage was assigned to William S. Nash, of record March 26, 1915. The decree establishes priority under these mortgages in the following order: Carlson Estate mortgage first, Cooper mortgage second, Cowlitz County Bank mortgage third, and Schwartz (Nash) mortgage fourth. Nash, who claims under the Schwartz mortgage, the Cowlitz County Bank, represented by State Bank Examiner Hanson, as liquidator, and defendants Barnard and wife have appealed from this decree. The appeals of the Nash and Cowlitz County Bank involve the order of priority, while the defendants Barnard and wife appeal from so much of the judgment as gives Nash judgment and decree foreclosing the Schwartz mortgage under which he claims, and the allowance to Nash of attorney's fee in the foreclosure of $563.20.

The answer of Barnard and wife to the cross-complaint admits the record of the Schwartz mortgage, and does not deny the execution of the mortgage and note secured thereby, but denies the assignment of the note and mortgage on information and belief, and alleges that Nash is not the owner thereof nor the real party in interest.

After this answer was served, Nash amended his cross-complaint and added an allegation that the note and mortgage were assigned to him upon express trust, and it was stipulated at the trial "that the assignment of the note and mortgage was made to Nash on express trust that he should enforce the collection thereof, that he should pay certain obligations of the co-partnership of Moulton & Schwartz, and after payment of the expenses, pay the proceeds to Moulton and Schwartz". Moulton and Schwartz were attorneys who had conducted a prolonged land contest in

the land departments of the Federal Government for a number of years under an agreement that, in the event they were successful in behalf of the Barnards in the contest, they were to be compensated by being paid one-fourth of the value of the land upon which the entry was contested. At the conclusion of their labors, which were successful in behalf of the Barnards, on August 11, 1911, the date of the note and mortgage, Moulton and Schwartz and the Barnards agreed to a rough valuation of the tract of land as $20,000, about $500 being agreed to be deducted from the amount due Moulton and Schwartz under their agreement, for commutation purchase and proof and the expenses incident thereto; the note was therefore given for $4,500. The Barnards' answer alleges a partial failure of consideration for the note and mortgage in that Moulton and Schwartz failed to furnish the money with which to commute the Barnards' homestead entry, and further alleges that the note and mortgage were nonnegotiable and nontransferable.

The Barnards contend on their appeal that, since Nash, by his amended cross-complaint, averred that the note and mortgage were nonnegotiable and nontransferable and were assigned to him upon express trust, the nature of which was fully set out, he limited his rights to such rights as he may have as trustee, but did not amend the title or prayer of the cross-complaint, or ask for a substitution of parties making himself a party as trustee, and that, under the terms of the note and mortgage which contained the restrictive clauses against negotiation and transfer, Nash acquired no rights against the Barnards and that his cross-complaint should be dismissed. Appellants Barnard cite: *Behrens v. Cloudy,* 50 Wash. 400, 97 Pac. 450; *Bonds-Foster Lumber Co. v. Northern Pac.*

*R. Co.,* 53 Wash. 302, 101 Pac. 877; *Lockerby v. Amon,* 64 Wash. 24, 116 Pac. 463, Ann. Cas. 1913A 228, 35 L. R. A. (N. S.) 1064; *Oregon & Washington R. & Nav. Co. v. Eastern Oregon Banking Co.,* 81 Wash. 617, 143 Pac. 154; *Hunter Tract Imp. Co. v. Stone,* 58 Wash. 661, 109 Pac. 112, to the effect that whatever may have been the reasons for reserving the right to decline to deal with an assignee, such reservation contravenes no rule of public policy and is enforceable. Nearly all of the foregoing were cases involving contracts for personal services, or contracts between vendors and vendees, or lessors and lessees, where personal relations were involved in the contracts; but the question in *Bonds-Foster Lumber Co. v. Northern Pac. R. Co., supra,* was one involving an alleged bill of lading, where this court held that the assignee of such a contract which expressly declares its nonnegotiability acquires only a cause of action against the assignor. Our statute, Rem. Code, § 180, provides:

"An executor or administrator, or guardian of a minor or person of unsound mind, a trustee of an express trust, or a person authorized by statute, may sue without joining the person for whose benefit the suit is prosecuted."

Under this statute and under the stipulation noticed before, that Nash was trustee of an express trust to enforce the collection of the note and mortgage of Moulton and Schwartz and pay certain of their copartnership obligations and account for the proceeds to Moulton and Schwartz, the true relations between Moulton and Schwartz and Nash are shown, and his cross-complaint is to be deemed amended accordingly. In other words, his action on his cross-complaint, and the stipulation, shows this to be an action on behalf of Moulton and Schwartz, or of Schwartz, the mort-

gagee, through him as trustee. The cases cited, therefore, have no bearing upon this question. The contentions of the appellants Barnard to defeat the recovery by Nash are untenable.

On the question of attorney's fees, however, the note given by the Barnards to Schwartz provides for a reasonable attorney's fee, while the mortgage provides for an attorney's fee in the sum of $50. Rem. Code, § 475, provides that:

"In all cases of foreclosure of mortgages and in all other cases in which attorney's fees are allowed, the amount thereof shall be fixed by the court at such sum as the court shall deem reasonable, any stipulations in the note, mortgage or other instrument to the contrary notwithstanding; but in no case shall said fee be fixed above contract price stated in said note or contract.".

In this case in a suit upon the note alone, the court would be authorized to fix any sum which in his judicial discretion he deemed reasonable, and in this case we do not consider that the allowance of $563.20, upon the amount to be recovered and the litigation involved, was excessive; but the mortgage provides for an attorney's fee of only $50, and as the mortgage affects the rights of other incumbrancers as well as the rights of the mortgagors, we are of the opinion that, as a personal judgment against the Barnards in favor of Nash or Moulton and Schwartz, the allowance of $563.20 as attorney's fees may stand and be included in the judgment, but in the decree of foreclosure under the mortgage, no sum in excess of $50, the amount contracted for in the mortgage, can be allowed under the statute. To that extent the decree as to Nash is modified.

II. The appeal of the defendant Nash, as trustee for Moulton and Schwartz, involving the priority of

the Carlson Estate Mortgage, the Cooper mortgage, and the Cowlitz County Bank mortgage over the Schwartz mortgage, present principally questions of fact. The evidence as to the question of direct notice from Moulton or Schwartz to the holders of prior recorded mortgages was in direct conflict. Bearing in mind that the trial court had the advantage of seeing the witnesses and weighing their credibility at first hand, we cannot say that the findings of the trial court on these questions of notice were erroneous.

It is further contended by Nash (1) that the other mortgagees failed to show that their mortgages were given for a valuable consideration; (2) that they had actual notice of the existence of the Schwartz mortgage, or facts sufficient to put them upon inquiry and charged them with constructive notice thereof; and (3) that their agents had notice thereof, and for the above reasons the Schwartz mortgage should have been decreed to be a first lien on the premises. As to the other mortgages, which appear to be senior on the record, it was sufficient to make *prima facie* cases in their favor to show that such mortgages were given for money loaned, to introduce the notes and mortgages and proof of nonpayment thereof and of the recording of the mortgage, all of which was covered by stipulation at the trial that the consideration of these mortgages was money loaned to the defendants Barnard; and such stipulation disposes of Nash's contention that the mortgages were not given for a valuable consideration.

The insistence of appellant Nash that these mortgages were each and every one given for antecedent indebtedness is not sustained by any clear and convincing evidence; on the contrary, as to at least the Carlson Estate and Cooper mortgages, the evidence

is quite convincing that a large part of the amounts included in the notes and mortgages given them were advanced at or about the time of the execution and delivery of the notes and mortgages. As to the Cowlitz County Bank, it is true that a large proportion of the amount for which the note and mortgage were given was antecedent indebtedness, and the note and mortgage were given for more than the amount then due in order to cover future advances which were agreed to be furnished by the bank to the Barnards, but it appears that at least $3,250 was then and there an existing indebtedness of the Barnards to the bank, and that a further $150 was advanced very shortly after the execution and delivery of the note and mortgage. These facts are sufficient to sustain the good faith and validity of the senior mortgages. Jones, Mortgages (7th ed.), § 111.

Upon the question of the actual notice of the existence of the Schwartz mortgage to the other mortgagees, appellant Nash had the affirmative of the issue and the burden of proof rested upon him, and it was necessary that his proof be clear and convincing to the effect that the mortgagees were given actual notice, or given notice of facts which would put them upon inquiry as to the existence of the Schwartz mortgage and the extent of the mortgage as a lien. This, not even the testimony of Mr. Moulton, who is the principal witness in support of the Schwartz mortgage, under all the attendant facts and circumstances, makes convincing, and, as we have said before, it is a question of fact in direct conflict, and the witnesses being necessarily only the interested parties in the matter, the court resolved the testimony in favor of the seniority of the mortgages as they appear of record, and these determinations we are not disposed to dis-

turb. We could not do so unless we could say the evidence preponderates the other way upon the question of notice, and this we cannot do.

III. Appellant Cowlitz County Bank appeals from all that part of the decree which directs the manner in which the proceeds realized from a sale of the property described in the decree shall be applied and the manner in which the respective judgments shall be satisfied out of the proceeds. It concedes that the Carlson Estate judgment should be a first lien upon an undivided three-fourths of the quarter-section, and entitled to be paid out of three-fourths of the proceeds from the sale of the property before the other judgment creditors. It contends, however, that, having a mortgage upon an undivided one-fourth interest, it should be paid out of that one-fourth, or out of one-fourth of the amount realized from the sale of the premises; provided, that the two prior mortgages have been paid, and that the decree should be corrected and modified so that the Cooper judgment shall be paid out of funds remaining after the Carlson Estate judgment has been paid out of three-fourths of the funds; if that is not sufficient, of course, the unpaid balance of the Cooper judgment should be paid out of one-fourth of the funds realized on the sale, and the judgment of appellant bank should be paid out of what remains of this one-fourth.

It is argued that the appellant bank, on taking its mortgage on the one-fourth interest, acquired an equity to have the Cooper mortgage on the whole tract paid first out of the residue remaining after the sale of the three-fourths interest covered by the Carlson Estate mortgage, leaving, so far as possible, the proceeds of the one-fourth interest for the payment of appellant bank's lien, and this right is not defeated nor

impaired by the subsequent mortgage of the entire tract to Schwartz (Nash). We are of the opinion that the trial judge based his decision as to the rank of the bank's mortgage lien upon the undivided one-fourth interest of the quarter-section upon the facts which practically established it to be superior in rank to that of Schwartz (Nash). The executors of the Carlson estate, understanding that Moulton and Schwartz had some sort of interest in one-fourth of the land, took their mortgage upon an undivided three-fourths, leaving an undivided one-fourth of the real estate unmortgaged. Cooper took his mortgage as a second mortgage to the Carlson estate mortgage, but upon the whole quarter-section, thus making it a prior incumbrance on the remaining undivided one-fourth of the premises. The officers of the bank took its mortgage upon the undivided one-fourth of the quarter-section. As was said before in discussing the other appeals, the evidence as to the consideration for the bank's mortgage as a present indebtedness was not very strong, but probably established *prima facie* a valid consideration as against the incumbrancers, and the debtor did not dispute the indebtedness nor the validity of the mortgage. There was evidence that $150 was advanced shortly after the execution and delivery of the mortgage. Cooper's mortgage was undoubtedly senior to the bank's mortgage because recorded first and without any notice of the bank's mortgage dated the day previously, and Cooper's mortgage was undoubtedly prior and superior to the bank's mortgage, and although the bank had a mortgage upon an undivided one-fourth of the quarter-section, it could not be satisfied out of the proceeds of the sale as to that one-fourth because Cooper had a prior lien upon all the quarter-section after the satisfaction of the Carl-

son Estate mortgage. The Schwartz (Nash) mortgage is not given priority over the bank's mortgage, for it is provided that Nash ''shall be paid out of the proceeds of the sale of the premises as shall remain after the judgment in favor of plaintiff and in favor of the defendant John Cooper and defendant Cowlitz County Bank has been satisfied as above set forth''. There is no just reason for apportioning the proceeds of the sale otherwise than as described.

The appellants Barnard, having recovered a more favorable judgment against appellant Nash, are entitled to the costs of their appeal against Nash. Respondents Watson and Cooper are entitled to their costs of appeal against defendant Nash. Appellant Cowlitz County Bank will recover no costs.

With the exception of the modification as to attorney's fees decreed to appellant Nash, the decrees are affirmed.

MOUNT, PARKER, and MAIN, JJ., concur.

FULLERTON, J. (dissenting)—I am satisfied from the evidence that two of the mortgages were given to secure antecedent debts, and at least one of the mortgage creditors had notice of the prior unrecorded mortgage. For these reasons, I cannot concur in the conclusion reached by the majority.