[No. 17751. Department Two. March 23, 1923.]

MYRA B. ROCKWELL, *Respondent*, v. S. W. THOMPSON et al., *Appellants*.[1]

MORTGAGES (243)—FORECLOSURE—ATTORNEY'S FEES. A mortgage note providing for a reasonable attorney's fee, and the mortgage fixing a fee of $100, must be construed together to authorize a reasonable fee which in no event shall exceed $100; hence the court cannot give a personal judgment for a reasonable fee above said sum; and this is in harmony with Rem. Comp. Stat., § 475, authorizing the court to fix a reasonable fee, regardless of stipulations in the note, but which shall not in any case exceed the contract price.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered July 31, 1922, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Reversed.

*R. C. Sugg*, for appellants.

*Edgar M. Swan*, for respondent.

TOLMAN, J.—This is an action to foreclose a mortgage, and on this appeal the sole question involved is the amount of attorney's fees allowable.

It appears that appellants executed a note for $5,900, and interest, in which was a provision to the effect that, in case an action was brought thereon, they would pay such additional sum as might be adjudged reasonable as plaintiff's attorney's fees. At the same time, as a part of the same transaction, appellants executed and delivered a mortgage upon certain real estate to secure the payment of the note. The mortgage contained a provision to the effect that in case of foreclosure an attorney's fee of $100 should be allowed. The trial court found that there was due upon the mortgage some $3,900, and that a reasonable sum to be allowed as plaintiff's attorney's fee was $398. By its judgment

[1] Reported in 213 Pac. 922.

it directed that the mortgaged property be sold to pay the mortgage debt and costs and $100 on account of attorney's fees, and entered a personal judgment against appellants for $298, the remainder of the amount found to constitute a reasonable attorney's fee.

No contention is made concerning the reasonableness of the fee allowed, except as it is contended that the whole matter is covered by the contract between the parties, and that the provisions of the note and mortgage must be construed together, and, when so construed, must be held to limit the recovery in this respect to the sum of $100.

The trial court seems to have followed our ruling in *Watson v. Barnard*, 105 Wash. 536, 178 Pac. 477, and we must accept responsibility for the error, if there be one. In that case the question as to the attorney's fees was a minor one, and, impressed by the importance of other questions involved, we may not have given it sufficient consideration. There is no discussion of the question; it may not have been seriously urged; previous decisions of this court were not then in mind, and it now seems wise to reconsider the question.

In the early case of *Potwin v. Blasher,* 9 Wash. 460, 37 Pac. 710, this exact question was considered. It was there said:

"The notes provided that if suit should be brought upon them the maker would pay 'such sum as the court may adjudge reasonable as attorney's fees.' The mortgage had it that 'a reasonable attorney's fee, equal to five per cent of the amount due,' should be included in the judgment. Upon a recovery of $6,093.35, the court allowed an attorney's fee of $550. The statute (Code Proc., § 823) allows parties to contracts to make their own agreement as to attorney's fees; but, in the absence of any agreement, § 829 regu-

lates the matter. There was an agreement in this instance, and therefore the statutory fee of fifteen dollars was improperly in the cost bill. The notes and mortgage constituted one transaction, and the effect of the limitation of five per cent in the mortgage was a construction by the parties of what was a reasonable maximum; therefore, the allowance made was excessive, as it exceeded nine per cent of the recovery.''

The *Potwin* case, *supra,* was cited with approval in *Matson v. Frank,* 86 Wash. 669, 151 Pac. 89, and the rule again announced that in such a matter the note and mortgage are construed as one transaction.

If, then, the note and mortgage, both made at one time, and for one purpose, are to be construed together to ascertain the intention of the parties as to the amount of the attorney's fees to be allowed, then we find here nothing necessarily inconsistent. In one instrument the amount was to be such as the court might adjudge reasonable, and in the other it was definitely fixed at $100. Taking the two together, they clearly express the idea that the fee should be such an amount as may be reasonable, but in no event to exceed $100. This view is in harmony with our statute on the subject, Rem. Comp. Stat., § 475, which, as amended since the decision in the *Potwin* case, reads:

''In all cases of foreclosure of mortgages and in all other cases in which attorneys' fees are allowed, the amount thereof shall be fixed by the court at such sum as the court shall deem reasonable, any stipulations in the note, mortgage or other instrument to the contrary notwithstanding; but in no case shall said fee be fixed above the contract price stated in said note or contract.''

Surely the words ''note or contract'' cannot be held to exclude a mortgage, or require one to be considered to the exclusion of the other, and must require both to be considered if they be necessary to arrive at the

terms of the contract entered into by the parties.   For these reasons we conclude that the case of *Watson v. Barnard, supra,* must, upon this point, be overruled.

The judgment appealed from is reversed with directions to set aside the personal judgment for $298.

MAIN, C. J., FULLERTON, and PEMBERTON, JJ., concur.